**Thaddaeus H. SEWARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 482S160.**

Supreme Court of Indiana.

Sept. 21, 1983.

Preston T. Breunig, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On September 21, 1981, Defendant-Appellant Thaddaeus H. Seward was found guilty by a jury in the Marion Superior Court, Criminal Division Room 3, of burglary and theft. The jury further found Appellant to be a habitual criminal. Appellant subsequently was sentenced by the trial judge to a composite term of thirty-five years imprisonment. Appellant now directly appeals and raises the following four issues for our review:

1. whether there was sufficient evidence from which the jury could properly find Appellant to be a habitual criminal;

2. whether the trial court erred by refusing to give Appellant's tendered Instruction No. 5 regarding a lesser included offense;

3. whether error attended the *voir dire* selection of the jury; and

4. whether there was sufficient evidence to support the verdicts of guilty of theft and burglary.

At approximately 9:00 p.m. on February 29, 1980, Indianapolis City Police Officer Richard Weis received a radio alert pertaining to a break-in alarm at the Zeb Bell Standard Service Station in Indianapolis. As Officer Weis approached said service station in his police car with headlights off, he observed an individual approximately twenty feet from the front of the building rolling a tire with rim away from the building and in his direction. Weis identified this individual as Appellant. As Weis began to talk to Appellant, he observed a hole in the glass front window of the service station. Weis further investigated and observed that the door clasp was smashed and the rack of tires inside of the station appeared disturbed. Appellant told Officer Weis that he found the tire and rim outside the service station on a pile of old and discarded tires. Weis testified that the tire and rim appeared to be new. Mr. Bell, the owner of the station, stated that he locked the station at 7:00 p.m., checked to be certain the station was completely secured and activated the burglar alarm system. He identified the tire and rim as belonging to a customer of his. Mr. Bell also stated that he had repaired a nail hole in the tire that afternoon and left it inside the station between the tire stand and a nearby car. The tire and rim were locked inside the station when Mr. Bell left and he did not authorize Appellant to enter his station during the evening of February 29th.

# I

■ Appellant admits that the State established at trial that he previously had been convicted of second degree burglary and twice convicted of theft under $100. For each of his theft convictions, Appellant was sentenced to 364 days imprisonment. The trial court instructed the jury that a felony conviction means a conviction for which a defendant might be imprisoned for more than one year. Appellant now contends that the State failed to prove that he

was a habitual criminal because no evidence was presented from which a reasonable person might believe that Appellant previously had been convicted of two prior felonies. His contention is based on the fact that no evidence was presented to the jury from which they could determine that theft under $100 bore a potential penalty of imprisonment for more than one year. Appellant does not claim that theft under $100 is not a felony; his claim is that no evidence was presented to the jury from which they could make this determination. Appellant's argument is that the State failed to establish beyond a reasonable doubt that he had accumulated two prior unrelated felony convictions and that the evidence, therefore, was not sufficient to establish his guilt as a habitual offender. This argument already has been decided by this Court adverse to Appellant's position. We have held:

> "Whether an offense is a 'felony' is purely a question of legislative categorization; it is not a question of fact for the jury, but a matter of law predetermined by the legislature and applied by the judiciary. Ind.Code § 35–50–2–1 (Burns 1979 Repl.). *See Collins v. State* (1981) Ind., 415 N.E.2d 46. The pertinent question of fact for the jury to determine in a habitual offender proceeding is whether the accused has two prior convictions. The question of whether those alleged convictions were for felonies is for the trial court to determine, based on the relevant statutes, before evidence of the convictions is presented to the jury."

*Griffin v. State,* (1981) Ind., 415 N.E.2d 60, 66. The evidence presented to the instant jury indicated that Appellant previously had been convicted of at least two prior unrelated felonies. There was, therefore, sufficient and proper evidence before the instant jury to determine beyond a reasonable doubt that Appellant was a habitual criminal.

# II

■ Appellant next claims that the trial court erred by refusing to give his tendered Instruction No. 5 which proposed to instruct the jury on the definition of criminal tres-

pass. The trial court did instruct that burglary is defined: "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony." Ind. Code § 35–43–2–1 (Burns Supp.1982). Criminal trespass is defined: "A person who: . . . Knowingly or intentionally interferes with the possession or use of the property of another person without his consent; . . . commits criminal trespass, a class A misdemeanor." Ind.Code § 35–43–2–2(a)(4) (Burns 1979).

In the present case, Appellant denied that he broke out the front window or tampered with the lock of the Bell service station. He also claimed that he did not enter said service station. Appellant admits that it is the trial court's duty to examine each of the elements comprising the greater charged and lesser included offenses and then to instruct the jury on a lesser offense when there is evidence of probative value from which the jury could properly find him guilty of such lesser included offense. Here there was no dispute in the evidence from which it could be determined that Appellant committed a criminal trespass rather than the higher crime of burglary. Appellant claimed that he never entered the service station although the evidence indicated that there was a "breaking" of the building and the property found in Appellant's possession had been removed therefrom. The giving of Appellant's tendered Instruction on criminal trespass in this case would have done nothing more than invite the jury to speculate or to reach a compromise verdict. This we will not allow. *Jones v. State,* (1982) Ind., 438 N.E.2d 972; *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208. The trial court did not err by refusing to give Appellant's tendered Instruction No. 5.

### III

■ After the jury had returned its verdicts finding Appellant guilty on all counts, Appellant's counsel discovered that many of the jurors accepted in the instant case previously had been jurors in two other cases wherein the State was represented by the same deputy prosecuting attorney. Appellant now claims error because this fact allegedly was not revealed to him before he accepted the instant jury. The record shows that the instant jurors were never questioned by Appellant during *voir dire* as to their acquaintance with the prosecuting attorney or with any of his deputies, including the deputy assigned to Appellant's trial. The trial court did, however, ask the members of the instant jury at the beginning of *voir dire* whether any of them had been jurors in previous trials. The trial court specifically named the particular trials which previously had been heard by that jury panel. The trial judge then asked the jurors who had previously served to identify themselves by raising their hands so that counsel might note who they were and later question them in detail if so desired. Moreover, the trial court further challenged the prospective jurors as follows:

"*Court:* Counsel can make note of prospective Jurors who sat on those cases. Was there anything that happened during the trial of any of those cases, or deliberations, that if you are selected, would interfere with your ability to listen to the evidence and the sworn testimony, along with the instructions of the Court on the law and return a fair, and impartial Verdict in this case which would be based entirely on the law and the evidence? Anything happen in any of those cases which would prevent you from doing that in this case if you are selected? You realize that this is a different case, it's a different fact situation, and that nothing that happened during the trial of the other cases should have any influence on any ___ the issue of innocence or guilt in this case. I'm sure Counsel will go into that particular issue when they have an opportunity to examine you."

The record does not show that the prospective jurors who previously served on the two juries drawn from that same jury panel did not raise their hands to indicate their previous participation and to facilitate some further inquiry. Furthermore, the fact that the same deputy prosecuting attorney appeared before certain of the prospective

jurors in a previous case during the instant jury panel's tour of duty does not necessarily indicate an acquaintanceship or partial attitude which would render those jurors incapable of sitting on the present case. This Court has stated:

> "Misconduct of the jury, unless explicitly prohibited, must be gross and shown to have injured the complaining party, or it will not warrant a new trial."

*Van Sickle v. Kokomo Water Works Co.,* (1959) 239 Ind. 612, 619, 158 N.E.2d 460, 463, *reh. denied; see also State v. Thompson,* (1979) 179 Ind.App. 227, 385 N.E.2d 198, *trans. denied; Homestead Farms, Inc. v. State,* (1976) 168 Ind.App. 575, 343 N.E.2d 822, *trans. denied.* Appellant has shown no reversible error on this issue.

### IV

Finally, Appellant argues that the evidence in his case is insufficient to sustain the verdicts of guilty of burglary and theft. On review, we will look only to the evidence which supports a jury's verdict with all reasonable inferences to be drawn therefrom. It is the jury's function to judge the credibility of witnesses and we therefore will not reweigh the evidence presented to them. *Sloan v. State,* (1980) Ind., 408 N.E.2d 1264. Appellant's only argument in this regard is that there is no direct evidence showing that he broke the door or tampered with the lock at the service station. The evidence showed, however, that Appellant was in possession of a tire and rim which was taken from inside of the station. The owner of the station testified that he personally repaired the tire on the rim which belonged to one of his customers and left the tire and rim inside of his station just several hours before Appellant was discovered with the tire and rim a short distance from the front door of the station. Moreover, the burglar alarm indicating entry into the station went off moments before Appellant was discovered. There was, therefore, sufficient evidence before the instant jury to find Appellant guilty beyond a reasonable doubt of burglary and theft.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.