**Robert Lee Mc BRADY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1182 S 452.

Supreme Court of Indiana.

Feb. 20, 1984.

Patrick E. Chavis, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Attempted Murder, a class A felony, Ind. Code §§ 35–41–5–1 and 35–42–1–1 (Burns 1979), and Attempted Robbery, a class A felony, Ind.Code §§ 35–41–5–1 and 35–42–5–1 (Burns 1979), and was found to be an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1983). He was sentenced to fifty (50) years imprisonment upon the Attempted Murder conviction, fifty (50) years imprisonment upon the Attempted Robbery conviction, and thirty (30) years imprisonment upon the Habitual Offender finding, all sentences to be served concurrently. His direct appeal raises seven (7) issues for our review:

1.  Whether the trial court erred in denying the Defendant the use of two remaining peremptory challenges;

2.  Whether the trial court denied the Defendant an opportunity to submit proposed instructions;

3.  Whether the trial court abused its discretion in limiting the interrogation of defense witnesses and in supervising the proceedings;

4.  Whether the evidence was sufficient to sustain the verdicts;

5.  Whether the trial court erred in admitting into evidence two (2) of the State's exhibits under the business records exception to the hearsay rule.

6.  Whether the trial court erred in failing to specify the aggravating factors relied upon to enhance the presumptive sentences and in failing to specify the conviction to which the habitual offender enhancement of sentence was applicable;

7.  Whether the evidence was sufficient to support the habitual offender finding.

The record disclosed that on September 16, 1981, Irvin Lewis was exiting Billy's Liquor Store in Indianapolis between 6:00 and 7:00 p.m. The Defendant approached him, pointed a gun at him, and told him to move to the side of the building. Lewis refused, pushed the gun aside, and ran into the street. The Defendant followed him, put the gun to his back and demanded

money. Lewis said that he had no money and that the police were coming. He then fled. The Defendant ran after him and confronted Lewis once again in front of a fish market. After demanding Lewis' money, he shot him.

## ISSUE I

Defendant sought to exercise two peremptory challenges as to two jurors after they had been previously passed by both himself and the State. Such challenges were impermissible under the local court rule, and the court denied them.

■ The general rule is that the right to challenge peremptorily is subject to reasonable regulation by the court. *Marsh v. State*, (1979) 272 Ind. 178, 180, 396 N.E.2d 883, 885. In *Marsh*, a case which is factually similar to the one at bar, this Court reasoned:

"It was perfectly reasonable for the trial court to require the defense to exercise its peremptory challenge to juror number 8 immediately after having heard the examination of him by the State and having had an opportunity to do the same."

272 Ind. at 180–181, 396 N.E.2d at 885–886.

■ Counsel argues that the trial court should have allowed the challenges, notwithstanding the rule and case law, inasmuch as his failure to exercise the challenges at the proper time was owing to a misunderstanding between him and Defendant. Obviously such a contention cannot prevail.

## ISSUE II

■ Defendant argues that he was not given an opportunity to tender proposed instructions prior to the commencement of the habitual offender portion of the trial. Nothing in the record, however, indicates that the Defendant tendered any proposed instructions or objected when the court's instructions were given. Consequently, there is nothing for review upon this assignment. *Raspberry v. State*, (1981) Ind., 417 N.E.2d 913, 915; *Snider v. State*, (1980) Ind., 412 N.E.2d 230, 232.

## ISSUE III

Defendant assigns as error three specific instances when, he argues, the trial court abused its discretion in "controlling the taking of testimony and overseeing the proceedings." He argues that the trial judge committed reversible error (1) when he left the courtroom during the course of the proceedings, (2) when he limited the testimony of defense witness, Bonita McBrady, and (3) when he instructed the Defendant to testify about his recollection of the testimony of a prior witness.

During the course of the proceedings, the trial judge, without declaring a recess, left the courtroom on two separate occasions while the jury remained in the courtroom. On the first occasion he went to his chambers for a brief period to make a telephone call. On the second, he went to another courtroom and conducted a brief hearing. On both occasions, he left the jury in charge of the bailiff, and on the second, he cleared the courtroom of spectators and locked the door, although Defendant and counsel remained, and the jury examined some exhibits.

■ We agree that the better practice requires the continued presence of the judge during the entire course of the proceedings so that he can effectively discharge his duties. *Merchants National Bank of Massillon, Ohio v. Nees*, (1915) 62 Ind.App. 290, 300, 110 N.E. 73, 76 (*rehearing denied*). However, the judge remained in effective control of the proceedings. We note that there was no objection made at the time of the actions now complained of. *Gosnell v. State*, (1978) 268 Ind. 429, 431, 376 N.E.2d 471, 472. Further, there has been no demonstration of such irregularities having harmed the Defendant. *Akins v. State*, (1981) Ind., 429 N.E.2d 232, 236.

■ The Defendant further argues that the trial court erred in limiting the testimony of defense witness Bonita McBrady and of the Defendant, himself, when it sustained the State's objections on hearsay

grounds. The Defendant, however, has failed to cite any authority in support of his contentions. Under authority of Ind.R. App.P. 8.3(A)(7), we decline to address his contentions other than to note that we have reviewed the record and found no error in the rulings. The testimony sought to be elicited was clearly hearsay.

Defendant next argues that the trial court erred when it permitted the Defendant to answer a question based upon his recollection of the earlier testimony of a State's witness. During cross examination the Defendant was asked, "Were you in the Courtroom yesterday, I'm sure you heard Detective Fendley testify that in his recollection that you didn't make any reference to your ankle or any pain or injury?" The Defendant's attorney objected, and the court responded, "It would be for the jury to try to remember what was said and what was not said at this point. You may, sir, answer the question by whatever you remember the Detective said in testifying. I believe that was how it was presented to you." The Defendant responded, "Alright."

We do not address this issue inasmuch as the question objected to was never answered.

## ISSUE IV

■ We note at the outset our standard of review upon a claim of insufficient evidence:

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted). *Loyd v. State,* (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The Defendant concedes that his claim rests solely upon the issue of identification. Irvin Lewis identified Defendant as his assailant when, two days after the crime, he selected the Defendant's photograph from a photographic array consisting of six (6) photographs. Further, Lewis identified the Defendant, in court, as the perpetrator of the crime. An identification by the victim of a crime is sufficient to sustain a conviction. *Clark v. State,* (1982) Ind., 431 N.E.2d 112, 114; *Grimes v. State,* (1980) Ind., 412 N.E.2d 75, 76.

■ Defendant, however, contends that Lewis recognized him as an individual he had observed a few days prior to the day of the crime, that he had an ankle injury which impeded his ability to run, and that following the shooting, Lewis had stated that he did not know his assailant. The jury was aware of all of these contentions and was responsible for assessing the credibility of the witnesses. The jury is free to believe whomever it chooses in fulfilling its fact finding function. *Collins v. State,* (1981) Ind., 429 N.E.2d 623, 624.

## ISSUE V

During the habitual offender portion of the trial, the State introduced photocopies of Indianapolis Police Department arrest reports dated June 24, 1967 and May 10, 1971. Defendant argues that these exhibits, numbered 1 and 2, were erroneously admitted into evidence inasmuch as a proper foundation had not been laid to establish admissibility under the business records exception to the hearsay rule. Specifically, he argues that the State did not establish that the original entrants had personal knowledge of the underlying transactions reported by the entries on the police arrest reports.

■ An official record such as the reports herein may be evidenced by a copy attested by the officer having the legal custody of the record, or by his deputy. Ind.R.Tr.P. 44(A)(1). The sponsor of the exhibit is not required to have personally made it, filed it, or have had firsthand knowledge of the transaction represented by it. The witness must only show that the

exhibit is part of records kept in the routine course of business and placed in the record by an authorized person, having personal knowledge of the transaction represented at the time of entry. *Pitts v. State,* (1982) Ind., 439 N.E.2d 1140, 1142; *Morris v. State,* (1980) Ind. 406 N.E.2d 1187, 1191; *Thompson v. State,* (1979) 270 Ind. 442, 444, 386 N.E.2d 682, 684; *Crosson v. State,* (1978) 268 Ind. 511, 518, 376 N.E.2d 1136, 1141; *Jones v. State,* (1977) 267 Ind. 205, 209, 369 N.E.2d 418, 421.

▪ The exhibits in question were admitted during the testimony of Officer Paul West, an Indianapolis Police Officer and fingerprint technician. West testified that one part of each report was a right thumb print taken during the normal booking procedures in making an arrest. West did not make the entries himself and did not know who had made them, although the name of a detective who had signed one of the reports was familiar. He testified that jail personnel put the prints on the records, that the records were kept in the Identification Room, and that he was a designated keeper of the records. Such testimony constituted a sufficient foundation for the admission of the records under the business records exception to the hearsay rule.

### ISSUE VI

Defendant argues that the trial court erred in failing to specify the aggravating factors relied upon for enhancing the presumptive sentences and in failing to specify the conviction to which the habitual offender enhancement was applied. The State concedes that a more detailed explanation of the reasons for enhancement is necessary and that the trial court must state whether the thirty (30) year enhancement of sentence for being an habitual offender applies to the attempted murder sentence or to the attempted robbery sentence.

▪ At Defendant's sentencing the trial court noted:

"The matter comes on for pronouncement of judgment upon the verdict of the jury/finding of the court that defendant Robert McBrady is guilty of the following: Count I, attempt Murder, Class A Felony, Count II, Attempt Robbery, Armed, Class A Felony, Count III, Habitual Offender. The court now conducts a sentencing hearing and considers the presentence report; the nature and circumstances of the crime committed; the risk that the defendant will commit another crime and the prior criminal record, character and condition of the person. The court, after having heard evidence, or after offering both sides an opportunity to adduce evidence, now finds: That the aggravating factors are as follows: 1. History of criminal history, 2. Correctional Rehabilitation. It is therefore ordered, adjudged, and decreed that the defendant Robert Lee McBrady, be sentenced as follows: Count I, Class Felony, 30 years stated term plus 20 years aggravating factors, count II, Class A Felony, 30 years stated tern (sic), plus 20 years aggravating factors, Count III, Habitual Offencer (sic) 30 years stated term. Time to be served concurrently."

The above sentencing procedure is deficient in two respects. With respect to the enhancement of the attempted murder and attempted robbery charges, the trial court is required to provide a statement of the court's reasons for the enhancement. Ind. Code § 35-4.1-4-3 (Ind.Code § 35-50-1A-3, Burns 1979); *Lenn v. State,* (1982) Ind., 437 N.E.2d 56, 58; *Page v. State,* (1981) Ind., 424 N.E.2d 1021, 1023; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316, 319. In *Page,* we wrote:

"In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of his reasons for imposing the sentence which he did. This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." (citations omitted).

424 N.E.2d at 1023.

The statement of reasons provided by the trial court in the case at bar is not sufficient.

 With respect to the sentence upon the habitual offender finding, the trial court sentenced the Defendant to thirty (30) years imprisonment on Count III, which sentence was to run concurrently to the sentences imposed upon Counts I and II. We have repeatedly held that the enhanced penalty under the habitual offender statute is imposed for the underlying crime charged in the current proceeding and does not impose punishment for a separate crime. *Short v. State,* (1982) Ind., 443 N.E.2d 298, 301; *Yager v. State,* (1982) Ind., 437 N.E.2d 454, 457; *Johnson v. State,* (1982) Ind., 432 N.E.2d 1358, 1362. At sentencing, the trial court must specify the underlying felony, attempted murder or attempted robbery, to which the enhanced sentence applies.

### ISSUE VII

 Defendant argues that the evidence was insufficient to support the habitual offender finding. Ind.Code § 35–50–2–8 provides that after conviction on an underlying felony, one may be sentenced as an habitual offender upon proof, beyond a reasonable doubt, that the person had accumulated two (2) prior unrelated felony convictions. The Defendant argues that his January 25, 1968 theft conviction which resulted from a plea of guilty to theft of a sum less than $100 and in a sentence of nine (9) months does not constitute a prior felony conviction. He is incorrect in so arguing.

Ind.Code § 35–50–2–1 provides:

"As used in this chapter: 'Felony conviction' means a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year; but it does not include a conviction with respect to which the person has been pardoned, or a conviction of a class A misdemeanor under section 7(b) of this chapter."

The determinative issue is whether the Defendant *might* have been sentenced to a term of imprisonment greater than one (1) year. *Underhill v. State,* (1981) Ind., 428 N.E.2d 759, 771.

The controlling statute at the time of the offense which resulted in the 1968 theft conviction was Burns § 10–3039 (Ind.Code § 35–17–5–12, Burns). That statute provided for the possibility of imprisonment for more than one year; consequently, the prior conviction was a felony within the meaning of the habitual offender statute. *Id.*

Defendant mistakenly relies upon a subsection of § 10–3039 which applies only when the offense is the obtaining or exerting unauthorized control over a vehicle (not the subject of the 1968 conviction) and which did not become part of the statute until 1971.

This cause is remanded to the trial court to state its reasons for enhancing the presumptive sentences or, alternatively, to resentence the Defendant to the presumptive sentences on the two underlying felonies. In addition, the trial court must specify the conviction to which the habitual offender enhancement was applied and provide this Court with a certified copy of its actions upon this remand. In all other respects the judgment of the trial court is affirmed.

All Justices concur.