**Anthony JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185S39.**

Supreme Court of Indiana.

April 30, 1986.

F. Laurence Anderson, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged with Attempted Murder, a Class A felony. Trial by jury resulted in a finding of guilty of Attempted Voluntary Manslaughter "but mentally ill." Appellant was sentenced to a term of twelve (12) years.

The facts are: Dehavilland Billups lived in an upstairs apartment in Gary. Appellant lived in a downstairs apartment in the same building. On the evening of the events in question, Billups had cut her hand while washing dishes. She had gone to appellant's apartment to obtain a Band-Aid for the cut. While in appellant's apartment, she saw her boyfriend, Rudy Schley, going up the stairs to her apartment. As she started up the stairs, he engaged her and appellant in a dispute about her being in appellant's apartment. The dispute continued until appellant obtained a sawed-off .20 gauge shotgun from his apartment and threatened Schley.

Billups and Schley then went into her apartment where they remained for some thirty-five to forty minutes. Schley then left the apartment for the purpose of obtaining cigarettes. As he reached the foot of the stairway, he was confronted by appellant with his sawed-off shotgun. Further words were exchanged resulting in appellant shooting Schley in the mouth with the sawed-off shotgun. Appellant claimed that he thought Schley was going to attack him with a knife.

 Appellant claims his conviction was contrary to law because the State failed to prove beyond a reasonable doubt that he was not acting in self-defense. To be successful in his claim of self-defense, appellant had to be in a place where he had a right to be, had to be acting without fault and had to be in reasonable fear or apprehension of death or great bodily harm. *Dean v. State* (1982), Ind., 432 N.E.2d 40.

 Once self-defense is raised by a defendant, the State then has the burden of negating the presence of one of the necessary elements of self-defense. *McCraney v. State* (1983), Ind., 447 N.E.2d 589. The jury was justified in finding that Schley was leaving the apartment to obtain cigarettes and was not intending to approach appellant. It was appellant who accosted Schley at the foot of the stairway and engaged him in a dispute while armed with a sawed-off shotgun. It was appellant who was the instigator of this second encounter between the parties and it was he who fired the shotgun without any attempt to retreat from any possible threat of attack on the part of Schley.

 Although the charge is Attempted Murder, the jury was fully justified in reducing it to Attempted Voluntary Manslaughter on the basis of the altercation between the parties. It was for the jury to determine whether appellant was justified in the use of deadly force to defend himself under the circumstances. *Traylor v. State* (1981), Ind., 420 N.E.2d 887.

We find the State fully discharged its duty in presenting evidence from which the jury could find an absence of self-defense.

Appellant claims the trial court erred in admitting a photograph of the victim's wounds over his objection that it was irrelevant, immaterial and served only to prejudice the jury. State's Exhibit No. 1 is a color photograph of the victim, taken shortly after the shooting, showing extensive damage to the victim's mouth. Although the wound to the victim was not fatal, the photograph shows a very severe, and what one would presume to be a painful, wound to the victim's mouth.

 The trial court has wide discretion in admitting such evidence. Even though

photographs may depict gory, revolting or inflammatory details, such facts are not a sufficient basis for excluding them from evidence. *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228. The nature of the injury sustained by the victim had been placed in evidence before the jury including the fact that he had had several corrective operations and was scheduled for several more. Under the circumstances, the photograph enabled the jury to better ascertain the extent of the damage done. There was no error in allowing State's Exhibit No. 1 into evidence.

The trial court is affirmed.

All justices concur.