Jerry L. WOLFE, Appellant,

v.

STATE of Indiana, Appellee.

No. 53S00–8609–CR–821.

Supreme Court of Indiana.

Aug. 28, 1987.

Patrick M. Schrems, Deputy Monroe County Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty.Gen., Michael Gene Worden, Deputy Atty.Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant on a charge of Neglect of a Dependent Resulting in Serious Bodily Injury, a Class B felony, and a further finding that appellant was an habitual offender. Appellant was sentenced to a term of thirty-two (32) years.

The facts are: On August 24, 1985, Pamela Wolfe left her four and one-half-year-old son with her husband for a short period of time. When she returned home, her son was sitting in a chair but did not react to her return. Sometime later appellant wrestled with the child and tossed him

into the air. The child suddenly became limp and lapsed into a coma. Appellant instructed Pamela and her daughter to say that the victim had fallen off a bicycle. The victim was taken to the Bloomington Hospital where it was determined that he had severe head trauma. He then was taken by helicopter to Indianapolis. Further examination revealed that he had suffered brain damage due to a lack of oxygen to the brain for a period of time.

Mary Hillenburg, Pamela's daughter, testified that on previous occasions she had seen appellant place a "sleeper hold" on the victim that made him go unconscious.

Appellant claims the trial court erred during the habitual offender phase of the trial in allowing evidence of his plea of guilty in 1975 to a charge of theft. Appellant introduced the plea bargain agreement entered into at that time which shows, among other things, that he was given a "one (1) year suspended sentence, no fine, and no costs, on the charge of misdemeanor theft, § 10–3030."

In 1975, the crime of theft was defined in § 10–3030 (Burns 1975 Supp.). The penalty section for that statute was § 10–3039. The portion applicable to appellant's sentencing read as follows:

"(1) A person convicted of theft of property not from the person and of less than one hundred dollars [$100] in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars [$500] or imprisoned for not more than one [1] year, or both, or such person may be imprisoned in the state prison not less than one [1] year nor more than five [5] years, and fined in a sum not exceeding five hundred dollars [$500] and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period."

The conviction under this statute was a felony conviction. *See* Ind. Code § 35–50–2–1. In *Young v. State* (1970), 254 Ind. 379, 260 N.E.2d 572, this Court held that a conviction under § 10–3039 was a felony conviction.

Although appellant had bargained for and received a minimal sentence for the crime of theft, notwithstanding the language used in the plea bargain and by the trial court, he had been convicted of a felony. Thus the trial court did not err in permitting the record of that conviction to be used in the habitual offender phase of the trial.

Appellant claims the trial court erred in the admission of a video tape of the victim. He objected on the grounds that the tape was hearsay and that it was impossible to cross-examine the victim. Thus he was denied his right under the Sixth Amendment of the United States Constitution to face his accusers. Appellant cites *Smith v. State* (1984), Ind., 465 N.E.2d 702 for the proposition that an out-of-court statement must not be received in evidence unless the declarant is available for cross-examination.

The victim's mother had testified to her child's current physical and mental condition as a result of appellant's injuries to the child. She had further testified that a video tape had been made of the child's physical and mental condition. Detective Sergeant Barbara Webb had also testified concerning the video tape and had stated that it accurately depicted what was said and done to demonstrate the victim's current physical condition. The video tape was not entered into evidence for the purpose of eliciting testimony from the child. It was entered for the sole purpose of demonstrating the condition of the child. Under such a circumstance, the admission of the evidence is within the discretion of the trial court and reversal will be granted only on a showing of an abuse of that discretion. *McNary v. State* (1984), Ind., 460 N.E.2d 145.

The fact that a photograph may be gruesome or of such a nature as to inflame the passion of the jury does not necessarily make it inadmissible so long as it is relevant. *Jones v. State* (1986), Ind., 491 N.E.2d 999. It is true that both the victim's mother and Detective Webb made statements on the tape which could be considered as evidence; however, both of these witnesses were present in court and

subject to cross-examination as to those statements. Extrajudicial statements of witnesses who testify and are subject to cross-examination are admissible as substantive evidence. *Carter v. State* (1984), Ind., 467 N.E.2d 694.

This Court has held that a video recording which corroborates the testimony of the State's witness is relevant and admissible as evidence at trial. *Newland v. State* (1984), Ind., 459 N.E.2d 384. The trial court did not err in admitting the video tape into evidence.

The trial court is affirmed.

SHEPARD, C.J. and DeBRULER, PIVARNIK and DICKSON, JJ., concur.