Jeffrey A. SLOCUMB, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 82S01–9106–CR–459.

Supreme Court of Indiana.

June 14, 1991.

David W. Lamont, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

When the State charges a defendant as an habitual offender and lists as prior convictions several Indiana class D felonies and several felonies from other states for which the penalty imposed was within the sentencing range for Indiana class D felonies, does Ind.Code § 35–50–2–8(h) preclude a thirty-year enhancement of sentence? We hold that it does.

Appellant Jeffrey A. Slocumb was charged with theft, a class D felony, Ind. Code § 35–43–4–2(a) (West 1986), and with being an habitual offender, Ind.Code § 35–50–2–8 (West Supp.1990). The jury found him guilty of theft and determined that he was an habitual offender. The trial court sentenced him to eighteen months, the standard term for a class D felony, and added thirty years for the habitual offender finding.

On appeal, Slocumb raised a number of issues, such as denial of counsel's request to withdraw, trying the defendant in absentia, admissibility of certain exhibits, and Slocumb's eligibility for habitual offender sentencing. The Court of Appeals affirmed the conviction but reversed the habitual offender finding. *Slocumb v. State* (1991), Ind.App., 568 N.E.2d 1068. Because the habitual offender issue presents a new question of law, we grant transfer. The Court of Appeals determination on the remaining issues is hereby affirmed. Ind. Appellate Rule 11(B)(3).

The State charged Slocumb under Ind. Code § 35–50–2–8, which provides in most circumstances for a thirty-year enhancement of the penalty otherwise available for a felony. The State offered proof that Slocumb had been convicted in Illinois in 1974 for burglary and attempted rape and sentenced for a term of one to three years. It also demonstrated that he had been convicted of several offenses in 1984. He was convicted of burglary of a habitation and burglary of a vehicle in Texas and sentenced to two years; he was also convicted on three counts of theft in Indiana in the same year.

The issue in this case centers on Ind. Code § 35–50–2–8(h), which provides: "A person may not be sentenced as an habitual offender under this section if all of the felonies relied upon for sentencing the person as an habitual offender are Class D felonies." The legislature added subsection h to the habitual offender provision in 1985 when it created a separate enhancement for "habitual class D felony offenders," codified at Ind.Code § 35–50–2–7.1 (West 1986). If all the priors are class D felonies, the State may seek enhancement of eight years. Pub.L. No. 328–1985, § 1, 1985 Ind. Acts 2375–76. The apparent purpose of these amendments was to render ineligible for thirty-year enhancements those persons whose prior offenses were the least serious felonies. It would seem inconsistent with that purpose to interpret the statute as providing thirty-year en-

hancements for defendants whose prior offenses in other states carried the same penalty as our class D offenses.

As in this case, trial courts often face the problem of determining the penalties available for offenses committed in other states or in the federal system. We have affirmed habitual offender determinations where the State relied on federal convictions and asked the court to take judicial notice of specific criminal statutes which provided a penalty consistent with the definition of felony contained in our habitual offender statute. *See Shelton v. State* (1986), Ind., 490 N.E.2d 738 (judicial notice of specific federal statutes for which potential incarceration exceeded one year an adequate basis for instruction that priors were felonies). By contrast, where the State did not provide any information about the statutes on which the prior convictions were based, we have held that the trial court erred in instructing the jury that the prior convictions were for felonies and that the evidence was insufficient to sustain an habitual offender finding. *Cavendish v. State* (1986), Ind., 496 N.E.2d 46, 49 (instruction error and evidence insufficient where record "completely devoid of statutory citations, let alone their substance").

■ The evidence presented by the State concerning the 1984 Texas convictions consists of the judgments, photographs of Slocumb, and fingerprint cards for Slocumb. The documents indicate only that the sentence was two years in each instance. They do not show the potential sentence for either crime or any citation to statute. This proof is therefore similar to the evidence we found inadequate in *Cavendish.* The record does not reveal whether the trial court instructed the jury that the two Texas convictions were felonies, but there would have been an insufficient basis in the record for doing so.

The evidence concerning the 1974 convictions in Illinois for burglary and attempted rape consists of two indictments, an arrest sheet, fingerprint cards, and a judgment showing a sentence of one to three years.

The indictments do state the sections of the Illinois penal code under which Slocumb was charged, Ill.Rev.Stat. ch. 38, §§ 8–4(a), 19–1(a). The current Illinois code reveals penalties in excess of Indiana class D sentences. Ill.Rev.Stat. ch. 38, § 1005–8–1 (Smith–Hurd 1982). The current annotated code and the library resources available to this Court do not reveal the range of sentences for these offenses in 1974. There is indication that the sentences for these offenses have changed several times since 1974. Ill.Rev.Stat. ch. 38, § 8–4 (Smith–Hurd 1989) (Historical Note); Ill.Rev.Stat. ch. 38, § 19–1 (Smith–Hurd 1977) (Historical Note).

The jury, of course, did not have the benefit of even this information. It knew only that Slocumb had been sentenced to one to three years, a sentence within the range of Indiana's class D felony penalty. While we expect that attempted rape and burglary were crimes for which Illinois imposed relatively high penalties in 1973, such an expectation is not enough to constitute proof beyond a reasonable doubt. By tendering evidence at trial which showed only that Slocumb's prior convictions were for offenses falling within the range of class D felonies, the State failed to prove beyond a reasonable doubt that Ind.Code § 35–50–2–8 applied to Slocumb. Thus, the evidence is insufficient to sustain the jury's habitual offender determination.

We affirm the conviction, but reverse the habitual offender determination and remand this cause for sentencing on the theft as though the defendant stood before the court for the first time. *Timmons v. State* (1989), Ind., 534 N.E.2d 234.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.