**Henry JOHNSON, Jr., Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 48A02–9010–CR–571.

Court of Appeals of Indiana, Second District.

July 18, 1991.

Geoffrey B. Yelton, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant Henry Johnson (Johnson) appeals from the determination that he was an habitual offender,[1] claiming that there was no evidence that one of his prior convictions was a felony conviction and that his prior theft conviction should be considered a class D felony.

We affirm.

## FACTS

The facts most favorable to the jury's verdict reveal that Johnson was charged with criminal recklessness,[2] a class D felony, on April 7, 1987 for actions committed on April 4, 1987. Johnson was alleged to be an habitual offender on December 2, 1987, on the basis of a 1986 criminal recklessness conviction in Indiana and a 1974 theft[3] conviction in Indiana. After a jury trial, Johnson was convicted of recklessness on May 23, 1989, and he was adjudged an habitual offender on May 26, 1989.

## ISSUES

1. Whether Johnson's 1974 theft conviction was a felony conviction?
2. Whether Johnson's 1974 theft conviction was a class D felony conviction?

## DECISION

ISSUE ONE—Was Johnson's 1974 theft conviction a felony conviction?

PARTIES' CONTENTIONS—Johnson argues that his 1974 theft conviction was not a felony conviction because his sentence was suspended, and he claims that the jury was presented with no evidence that the theft conviction was a felony. Johnson also argues that the trial court stated his theft conviction was not a felony.

The State responds that case law clearly establishes that Johnson's theft conviction was a felony conviction and that Johnson has misrepresented the record with respect to the trial court's comments.

CONCLUSION—The theft conviction was a felony conviction.

■ Johnson's contention that it was error to determine that he was an habitual offender because the jury was not presented with evidence that the 1974 theft conviction was a felony, has been rejected in *Seward v. State* (1983), Ind., 453 N.E.2d 256. In *Seward,* the supreme court determined that the question of whether an offense is a felony is a question of law for the trial court to decide, not an issue for the jury to resolve. *Id.* Therefore, the State was not required to present evidence to the jury that the 1974 theft conviction was a felony. The jury was properly instructed that Johnson's theft conviction was a felony. *Record* at 730.

■ The supreme court has consistently concluded that a conviction for theft under IC 35–17–5–3 constitutes a felony conviction for habitual offender purposes, irrespective of the sentence actually imposed upon the defendant. *Wolfe v. State* (1987), Ind., 512 N.E.2d 185; *Holt v. State* (1984), Ind., 463 N.E.2d 466; *McBrady v. State* (1984), Ind., 459 N.E.2d 719; *Clay v. State* (1982), Ind., 440 N.E.2d 466; *Underhill v. State* (1981), Ind., 428 N.E.2d 759; *Baker v. State* (1981), Ind., 425 N.E.2d 98; *Wise v. State* (1980), 272 Ind. 498, 400 N.E.2d 114. There can be no doubt that the 1974 theft conviction was a felony conviction.

Johnson's assertion that the trial court stated his theft conviction was not a felony is also without merit. Johnson cites to the trial court's finding that his 1974 theft conviction was not a *class D* felony conviction to support his claim. *Record* at 644, *Supp. record* at 3. The record is explicit that the trial court decided that Johnson's 1974 theft conviction was not a class D

---

1. Ind.Code 35–50–2–8 (1988) [hereinafter referred to as the Habitual Offender Statute].

2. Ind.Code 35–42–2–2 (1988).

3. Burns § 10–3030(a) [Ind.Code 35–17–5–3 (1971)], repealed and recodified at Ind.Code 35–43–4–2 (1988).

felony conviction because the "D felony" classification did not exist at that time. The trial court did not conclude his theft conviction was not a felony conviction. Johnson was properly adjudicated an habitual offender on the basis of his 1986 recklessness conviction and his 1974 theft conviction.

ISSUE TWO—Was Johnson's 1974 theft conviction a class D felony conviction?

PARTIES' CONTENTIONS—Johnson maintains that if we conclude his theft conviction was a felony conviction, we should also conclude it was a class D felony conviction, and that he was therefore prosecuted under the wrong habitual offender statute. The State replies that because the D felony classification did not exist in 1974, Johnson's theft conviction cannot constitute a class D felony.

CONCLUSION—Johnson's theft conviction was not a class D felony conviction.

■ Johnson poses a question of first impression as to the treatment of theft convictions occurring in Indiana prior to the time the current legislative classification was enacted in 1976. We must decide how convictions imposed for offenses prior to their classification as class A, B, C, and D felonies will be characterized in relation to current statutory provisions.

The issue arises because subsection (h) of the Habitual Offender Statute provides: "A person may not be sentenced as an habitual offender under this section if all of the felonies relied upon for sentencing the person as an habitual offender are *Class D felonies.*" IC 35-50-2-8(h) (emphasis supplied).

In 1985, the legislature added IC 35-50-2-7.1, which created a new habitual offender status: the habitual class D felony offender. Subsection (h) of the Habitual Offender Statute was added to provide that defendants eligible for the less-severe enhancement of IC 35-50-2-7.1 would not also be eligible for sentencing under the Habitual Offender Statute. *See Jones v. State* (1991), Ind.App., 569 N.E.2d 975.

If Johnson is correct that his 1974 theft conviction was a class D felony conviction,

then he would have been charged and sentenced under the wrong habitual offender provision. *See Moredock v. State* (1987), Ind., 514 N.E.2d 1247. So it is pertinent to determine whether subsection (h) of the Habitual Offender Statute was intended to apply to convictions obtained prior to the classification of offenses as class D felonies.

In *Dougherty v. State* (1934), 206 Ind. 678, 191 N.E. 84, our supreme court considered whether an Illinois conviction was a felony under Indiana law. The supreme court interpreted "felony" in the light of its statutory definition. And so we turn to the statutory definition of "Class D felony" as our initial inquiry.

IC 35-50-2-1 provides, in pertinent part: "(a) As used in this chapter, 'Class D felony conviction' means a conviction of a Class D felony in Indiana and a conviction, in any *other* jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year. However, it does not include a conviction with respect to which the person has been pardoned, or a conviction of a Class A misdemeanor under section 7(b) of this chapter.

(b) As used in this chapter, 'felony conviction' means a conviction, in *any* jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year. However, it does not include a conviction with respect to which the person has been pardoned, or a conviction of a Class A misdemeanor under section 7(b) of this chapter."

(Emphasis supplied).

A fair reading of the definition of "Class D felony conviction" mandates the conclusion that Johnson's 1974 theft conviction is *not* a class D felony. The statute clearly limits "Class D felony convictions" to those specifically designated as class D felony convictions in Indiana and convictions in *other* jurisdictions for which a defendant might have been sentenced to more than a one year term of imprisonment. The definition of "Class D felony conviction" is explicitly distinguished from the definition

of "felony convictions," which refers to convictions in *any* jurisdiction.

Theft was first classified as a class D felony in Indiana when IC 35–43–4–2 was enacted by 1976 Ind.Acts Pub–L.No. 148, [effective in July, 1977]. Johnson's 1974 Indiana theft conviction, therefore, is not a class D felony conviction under IC 35–50–2–1(a), so he was prosecuted under the proper habitual offender provision.

It is true that this construction of the definition of "class D felony" weighs prior Indiana convictions more heavily than prior out-of-state convictions, for recidivist purposes. *See Slocumb v. State* (1991), Ind. App., 568 N.E.2d 1068, *aff'd on other grounds*, 573 N.E.2d 427 (Ind.1991). Such treatment appears to be the unmistakable choice of the legislature. When the meaning of a statute is plain and unambiguous, there is no room for judicial construction. *Community Hosp. v. McKnight* (1986), Ind., 493 N.E.2d 775. While we will construe a statute to prevent absurdities, "[t]he wisdom or desirability of a statute is not a matter for the judiciary to determine." *Walton v. State* (1980), 272 Ind. 398, 402, 398 N.E.2d 667, 670. The precise, unambiguous language of the definition of "class D felony" would seem to lead to our conclusion that Johnson's 1974 theft conviction was not a class D felony conviction.

But our inquiry is not complete. In *Best v. State* (1991), Ind., 566 N.E.2d 1027, our supreme court commented that a second degree burglary conviction from 1976 was "the *equivalent* of a class C felony." *Id.* at 1029 (emphasis supplied). The supreme court expanded on this concept in *Slocumb, supra.* In *Slocumb*, the supreme court considered subsection (h) of the Habitual Offender Statute in light of a prior Illinois felony conviction. The court traced the history of subsection (h) and said:

"The apparent purpose of these amendments was to render ineligible for thirty-year enhancements those persons whose prior offenses were the least serious felonies. It would seem inconsistent with that purpose to interpret the statute as providing thirty-year enhancements for defendants whose prior offenses in other states *carried the same penalty as our class D offenses.*"

*Id.* 573 N.E.2d at 428–29 (emphasis supplied).

The court then considered possible sentences the defendant could have received in Illinois for the crimes of which he was convicted. The court was unable to determine the range of sentences for the offenses in 1974 (the date of the prior conviction), but, observing that the defendant's actual sentence was within the range of sentences for class D felony convictions, the supreme court concluded that the State had failed to demonstrate the Habitual Offender Statute applied to the defendant.

The logic of considering the possible sentence a defendant faced for a prior conviction, regardless of the defendant's actual sentence, parallels the analysis employed by the supreme court when deciding whether a defendant's prior conviction constitutes a felony. *See Wolfe, supra; Holt, supra; McBrady; Underhill, supra; Wise, supra.* Applying this analysis here, we must still conclude that Johnson's 1974 theft conviction was not a class D felony conviction.

The current presumptive sentence for a class D felony conviction is one and one-half (1½) years. IC 35–50–2–7(a) (1990). A trial court has the discretion to add an additional 1½ years for aggravating circumstances, or subtract a year for mitigating circumstances, giving a class D felony conviction a ½ to 3 year sentencing range. IC 35–50–2–7(a).

In 1974, the sentencing range for a theft conviction was one to five years if the property stolen was valued at less than $100 and one to ten years if the property was valued at more than $100. Burns § 10–3039(1), (3) [IC 35–17–5–12(1), (3) (1976)]. *See also Wolfe, supra; Holt, supra.* The sentencing range for a 1974 theft conviction, then, is similar to the current sentencing range for a class C felony, which is two to eight years. IC 35–50–2–6 (1990).

The record demonstrates that Johnson was charged with theft of property valued at $200 and was sentenced to a one to ten year indeterminate sentence. *Record* at 679, 682. Because Johnson received a one to ten year sentence for his 1974 theft conviction, which far exceeds the sentencing range for class D felonies, such dissimilarity hardly represents an equivalence. So the 1974 theft conviction is not a prior offense that "carried the *same* penalty as our class D felony offenses." *Slocumb, supra*, 573 N.E.2d at 429 (emphasis supplied).[4]

As Johnson's 1974 theft conviction was not a class D felony conviction and as it did not carry the same penalty as our class D felony offenses, Johnson was properly adjudicated an habitual offender under the Habitual Offender Statute.

Judgment affirmed.

BARTEAU, J., concurs.

SHIELDS, P.J., dissents with opinion.

SHIELDS, Presiding Judge, dissenting.

While I appreciate the logic of the majority's holding that Johnson's 1974 theft conviction is not a class D felony conviction, I disagree with the holding.

Ind.Code 35–50–2–1(a) defines a class D felony for the purposes of the habitual offender statutes as an Indiana class D felony conviction and any felony conviction in any other jurisdiction. By this definition an out-of-state felony conviction is a class D felony regardless of the severity of the offense or the length of the sentence so long as the convicted felon might have been imprisoned for more than one (1) year. *Slocumb v. State* (1991), Ind.App., 568 N.E.2d 1068. Thus, had Johnson's theft conviction occurred in any other state, it would have been a class D felony conviction.

I seriously doubt this definition reflects the intent of the legislature. It is inconceivable the legislature intended to consider a convicted murderer or rapist from another jurisdiction as having committed a class D felony while an Indiana conviction for either offense could never be a class D felony. The result is that an out-of-state felon is treated much more favorably than is an Indiana felon.

I find it difficult to accept the legislature intended to show favoritism and leniency to out-of-state felons. If it did, it is only because the legislature was unable to arrive at a definition of a class D felony that would encompass convictions in jurisdictions that do not classify felonies consistently with this State and, accordingly, decided to classify any felony from another jurisdiction as a class D felony. The legislature faced the same situation with reference to felony convictions in this State that occurred before the present classification system was adopted. Surely, had the legislature recognized the similarity, it would have intended Indiana felons receive treatment equal to out-of-state felons.

Therefore, in my opinion, a fair reading of the definition of class D felony conviction mandates the conclusion that Johnson's 1974 theft conviction is a class D felony. It is of no moment whether the legislature misspoke when it enacted the definition of a class D felony for out-of-state convictions or whether it inadvertently failed to address the question of Indiana felony convictions occurring before the legislature adopted the present classification system. In either situation it is absolutely clear the legislature did not intend to treat a felon with an out-of-state conviction differently (i.e., more leniently) that an Indiana felon.

Our supreme court has reached a similar conclusion. In *Best v. State* (1991), Ind.

**4.** It seems logical to consider the maximum sentence possible for the prior conviction, as opposed to the minimum sentence possible, when comparing other sentencing ranges to our class D felony penalties. This is in keeping with the supreme court's logic and analysis when deciding whether a conviction is a felony. *See Underhill, supra; Wise, supra*. Further, given the wide sentencing ranges for some of the more serious prior Indiana crimes, i.e. voluntary manslaughter (2 to 21 years Ind.Code 35–13–4–2 (1975)), involuntary manslaughter (1 to 10 years IC 35–13–4–2), and rape (2 to 21 years IC 35–13–4–3), focusing on minimum sentence possibilities would not seem realistic.

566 N.E.2d 1027 the defendant attacked the finding he was an habitual offender within the meaning of IC 35–50–2–8 on the ground all of his prior felonies were class D felonies or equivalents. Best had four prior convictions: theft (1976), burglary (1976), theft (1985), and driving after being found an habitual traffic offender (1985). In responding to Best's argument the court stated "one of the prior crimes relied upon for sentencing was a 1986 [sic] second degree burglary, the equivalent of a class C felony." *Best* at 1029. Although the court did not elaborate, a reasonable inference is the court concluded second degree burglary, which formerly carried an indeterminate penalty of not less than two years nor more than five years, IC 35–13–4–4(b) (1976), is a class C felony because the comparable offense under the present criminal code is a class C felony, IC 35–43–2–1 (1988) while theft, which formerly carried a possible sentence of not less than one year nor more than ten years, IC 35–17–5–3 (1976), IC 35–17–5–12(1), (3) (1976), is a class D felony because it is presently so classified. IC 35–43–4–2 (1988).

Therefore, I vote to reverse this cause and remand it to the trial court with instructions to the trial court to sentence Johnson pursuant to the habitual class D felony offender statute, IC 35–50–2–7.1.