**Andre D. JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 71S04–9206–CR–466.**

Supreme Court of Indiana.

June 17, 1992.

Stephen G. Drendall, Drendall & May, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Andre Johnson was convicted of four counts of fraud and one count of attempted fraud, all class D felonies, stemming from his use or attempted use of a stolen credit card in April of 1990. He was sentenced to three years for each offense. All but one of these three-year sentences was to run consecutively, resulting in a sentence of twelve years. Additionally, one of the counts of fraud was enhanced by twelve years pursuant to the habitual offender statute, *Ind. Code* § 35–50–2–8 (1988). The habitual offender finding was premised on two class D felony thefts committed before September 1, 1985. Johnson appealed his sentencing and the Court of Appeals affirmed. *Johnson v. State* (1992), Ind.App., 585 N.E.2d 1352. He seeks transfer because the Court of Appeals' opinion conflicts with *Jones v. State* (1991), Ind.App., 569 N.E.2d 975. We agree.

Prior to 1985, all offenders with multiple felony convictions were sentenced as habitual offenders under *Ind. Code* § 35–50–2–8 ("Big Habitual Offender" statute). There was no distinction made for the class of felony to which the enhancement was applied or upon which the enhancement was based. The presumptive enhancement was thirty years. In 1985, *Ind. Code* § 35–50–2–7.1 took effect. This provision, aimed specifically at habitual class D felony offenders, provides that when all of the offender's prior felonies, as well as the enhanced felony, are of the class D level, the presumptive sentence enhancement is eight years as opposed to thirty. Simultaneous-

ly, the legislature amended *Ind. Code* § 35–50–2–8, the Big Habitual Offender Statute, to add subsection (h) making it inapplicable to D felony recidivists. The enacting legislation for the D Habitual Offender statute contained the following saving clause:

SECTION 3. (a) The addition of *Ind. Code* § 35–50–2–7.1 and the amendment of *Ind. Code* § 35–50–2–8 by this act do not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred; *or*

(3) proceedings begun;

before September 1, 1985. The rights, liabilities, and proceedings are continued and punishments, penalties, or forfeitures shall be imposed and enforced under *Ind. Code* § 35–50–2–8 as if this act had not been enacted.

(b) If all of the felonies that are relied upon for sentencing a person as an habitual offender under *Ind. Code* § 35–50–2–8 are felonies that were committed before September 1, 1985, the felonies shall be prosecuted and remain punishable under *Ind. Code* § 35–50–2–8 as if this act had not been enacted.

Johnson argues that he was incorrectly sentenced under the Habitual Offender Statute because the term "all" in subsection (b) quoted above refers to the enhanced felony as well as the prior felonies. That is, under the language of subsection (b), both the enhanced class D felony and the prior class D felonies must have been committed prior to September 1, 1985, in order for him to be sentenced under the Big Habitual Offender Statute rather than the D Habitual Offender Statute. We believe that this is a correct reading of the statute.

Johnson cites the Court of Appeals' decision in *Jones v. State* (1991), Ind.App., 569 N.E.2d 975. In *Jones*, the court concluded that the saving clause was intended to apply when all of the felonies relied upon for sentencing as an habitual offender were committed before September 1, 1985. "All" was construed to include both the prior convictions as well as the underlying felony being used for enhancement. This interpretation of the meaning of "all" in the saving clause is supported by this Court's decision in *Moredock v. State* (1987), Ind., 514 N.E.2d 1247, in which we concluded that "all" as used in subsection (h) of the Big Habitual Offender Statute included both underlying felonies and enhanced felonies. Subsection (h) specifically exempts D felony recidivists from the Big Habitual Offender Statute.

We agree with the reasoning expressed in *Jones v. State* and hold that the decision in *Jones* and the dissenting opinion in this case present correct interpretations of the statute. All of Johnson's felonies, his prior felonies as well as the enhanced felony, were class D felonies. The class D felony that is being enhanced because of his status as an habitual offender was committed in April of 1990. Because it was not committed before September 1, 1985, the saving clause does not apply. Consequently, Johnson should have been sentenced pursuant to the present D Habitual Offender statutory scheme. That is, Johnson should be found to be an habitual class D felony offender under *Ind. Code* § 35–50–2–7.1.

This case is remanded to the trial court for resentencing in conformity with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.