Ronald E. DICKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 73A01–9302–CR–036.

Court of Appeals of Indiana, First District.

Aug. 26, 1993.

James W. McNew, Greenfield, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana and Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Ronald E. Dickson appeals his adjudication as a habitual class D felony offender [1] following his conviction for dealing in marijuana, a class D felony.[2] On appeal, Dickson challenges the habitual offender finding, raising three issues for our review, which we consolidate and restate as whether Dickson's 1975 conviction for theft by possession of less than $100 was a felony conviction for purposes of an habitual offender adjudication.

To support its allegation that Dickson was an habitual class D offender (a "little habitual offender"), the State, in addition to relying on Dickson's dealing in marijuana conviction, alleged the following circumstances amounted to class D felony convictions: (1) that on September 11, 1975, Dickson pled guilty to theft by possession of less than $100;[3] and, (2) that on April 17, 1979, Dickson pled guilty to theft. Although Dickson raised a timely objection to the State's characterization of his 1975 conviction as a class D felony, the trial court overruled his objection. The trial court then instructed the jury that both theft by possession of less than $100 and theft were class D felonies.

The jury found Dickson was an habitual offender. Thereafter, the trial court sentenced Dickson to two years' incarceration for the marijuana charge and then enhanced the sentence by an additional term of four years pursuant to the little habitual offender statute. This appeal ensued.

**1.** IND.CODE 35–50–2–7.1.

**2.** IND.CODE 35–48–4–10.

**3.** There is considerable disagreement, both among the parties and within the record itself, concerning exactly which crime Dickson pled guilty to in 1975. At the top of Dickson's 1975 plea agreement, the State described Dickson's agreement as a plea to "[t]heft by possession of less than $100." *Record* at 299. On the next page of this agreement, however, Dickson entered a plea of guilty to "[t]heft by possession of

## DISCUSSION AND DECISION

### I.

■ Dickson argues the evidence was insufficient to support the little habitual offender finding. IND.CODE 35–50–2–7.1 provides that after conviction on an underlying class D felony, one may be sentenced as a little habitual offender upon proof, beyond a reasonable doubt, that the person had accumulated two prior unrelated class D felony convictions. Dickson does not dispute that his 1979 theft conviction was a class D felony. Instead, Dickson claims that his 1975 conviction for theft by possession of less than $100 was a misdemeanor, not a class D felony, and therefore may not be used to support a little habitual offender determination.

Prior to 1977, "felonies" were defined by statute as follows:

All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; and all other offenses against the criminal law shall be denominated misdemeanors.

IND.CODE 35–1–1–1.

The current definition of "felonies" is set forth in IND.CODE 35–50–2–1 as follows:

As used in this chapter, 'felony conviction' means a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year. However, it does not include a conviction with respect to which the person has been pardoned, or a conviction of a class A misdemeanor....

stolen property," the crime he was originally charged with committing. *Id.* This discrepancy is of no moment. Throughout its appellee's brief, the State concedes Dickson pled guilty to "theft by possession of less than $100." Moreover, even if we were forced to resolve this discrepancy, we would interpret any ambiguities in the plea agreement against the party who prepared the document, the State. *See Bezy v. Loftus* (1991), Ind.App., 581 N.E.2d 965 (plea agreements are in the nature of contracts and thus are governed by standard contract law).

"The determinative issue [in categorizing crimes as misdemeanors or felonies] is whether the Defendant *might* have been sentenced to a term of imprisonment greater than one (1) year." *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 725 (original emphasis) (citing *Underhill v. State* (1981), Ind., 428 N.E.2d 759, 771).

The controlling statute at the time of Dickson's 1975 conviction was IND.CODE 35–17–5–12 which provided, in relevant part:

> (1) A person convicted of theft of property not from the person and of less than one hundred dollars ($100) in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars ($500) or imprisoned for not more than one (1) year, or both, *or* such person may be imprisoned in the state prison not less than one year nor more than five years, and fined in a sum not exceeding five hundred dollars ($500) and be disenfranchised and rendered incapable of holding any office of profit or trust for any determinate period.

(Emphasis supplied.)

Despite the first portion of this section, providing for a term of imprisonment of not more than one year, our supreme court has already stated that a conviction under this statute is a felony conviction. *Wolfe v. State* (1987), Ind., 512 N.E.2d 185, 186; *see also Brady v. State* (1984), Ind., 463 N.E.2d 471; *McBrady v. State, supra.*[4] Accordingly, because Dickson's 1975 theft by possession of less than $100 conviction was indeed a felony conviction, it properly served as a basis for a little habitual offender determination.

## II.

■ Our inquiry does not end here, however. We have a duty to correct sentencing errors, *sua sponte*, if necessary. *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, 1223, *trans. denied.* If Dickson's 1975 theft conviction serves as a class C, B, or A felony, Dickson would be a big habitual offender,[5] not a little one, and would see his penalty jump from a presumptive eight-year term to a thirty-year term.

At the outset, we note there is little case law on the issue of classification of pre–1977 felonies for habitual offender purposes. In fact, *Johnson v. State* (1991), Ind.App., 575 N.E.2d 282, *trans. denied.*, is the only Indiana decision which squarely faces the issue we must now address.[6] Fortunately, the *Johnson* court, through the voice of its majority and dissenting opinions, concisely set out the opposing viewpoints on this issue. We consider each opinion separately.

The majority in *Johnson* concluded the defendant's 1974 theft conviction was the equivalent[7] of a class C felony. To reach this conclusion, the majority first noted the defendant had received an indeterminate one to ten year sentence, and then stated that such a sentence "far exceeds the sentencing range for class D felonies [and] hardly represents an equivalence." *Id.* at 286. In other words, the majority focused exclusively on the penalty the defendant received to guide its treatment of pre–1977 felonies.

In her dissenting opinion, Judge Shields opined that the more equitable resolution

---

4. We are mindful that *Clay v. State* (1982), Ind., 440 N.E.2d 466, a decision Dickson relies heavily upon, contradicts this conclusion. We can only conclude *Clay* is an anomaly. Case law both before and after *Clay* plainly establishes that the crime of theft by possession of less than $100 is a felony. *See Underhill v. State, supra; Young v. State* (1970), 254 Ind. 379, 260 N.E.2d 572.

5. Justice Krahulik first used this term in *Johnson v. State* (1992), Ind., 593 N.E.2d 1181, to describe habitual offenders who are subjected to the presumptive thirty year sentence enhancement pursuant to IND.CODE 35–50–2–8.

6. We are certainly aware that this court discussed this issue, in dicta, in *Broshears v. State* (1992), Ind.App., 604 N.E.2d 639 n. 7.

7. The "equivalence" test emerged from our supreme court's opinion in *Best v. State* (1991), Ind., 566 N.E.2d 1027, wherein the court succinctly stated during the habitual offender phase of the defendant's case that "one of the prior crimes relied upon for sentencing was a 1986 second degree burglary, the equivalent of a class C felony." *Id.* at 1029. The court did not elaborate.

derives from application of our present statutory classification scheme to pre–1977 felonies. As Judge Shields noted, the crime of theft is presently classified as a class D felony. *See* IND.CODE 35–43–4–2(a). Theft is elevated to a class C felony only when the defendant has stolen property of another valued at more than $100,000. *Id.* By applying our present felony statutes to the defendant's pre–1977 theft conviction, Judge Shields concluded the defendant's 1974 theft conviction was a class D felony, not a class C felony.

After reviewing the two positions, we feel Judge Shields advances the better view. With this in mind, under our present statutory classification scheme, we have no reason to believe Dickson's crime would have been treated as anything but a class D felony. There is no indication in the record that Dickson stole property of another valued at more than $100,000. In fact, Dickson and the State agreed, by the offense referred to in the plea agreement, that the amount was less than $100.[8] Accordingly, Dickson's 1975 theft conviction is properly classified as the equivalent of a class D felony; coupled with his two other class D felony convictions, Dickson was properly sentenced as a class D felony offender.

Judgment Affirmed.

ROBERTSON and FRIEDLANDER, JJ., concur.

---

**8.** Dickson's 1975 pre-sentence report reveals Dickson stole the following items:
  (1) a gargoyle statue;
  (2) a green shag carpet;
  (3) a "Penney's" pool table;
  (4) five telephones;
  (5) two bar stools; and,
  (6) a quantity of girl's clothing.
*Record* at 300.