**Michael Hill CAIN, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 79A02–9012–CR–00758.

Court of Appeals of Indiana,
Second District.

Sept. 29, 1992.

Robert C. Perry, Steckler, Perry and Ryan, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON PETITION
## FOR REHEARING

SULLIVAN, Judge.

On July 2, 1992, we vacated Appellant Michael Hill Cain's conviction upon one count of Robbery while armed with a deadly weapon,[1] and affirmed his conviction upon the four remaining counts challenged in his appeal. *Cain v. State* (1992) 2d Dist.Ind.App., 594 N.E.2d 835. In addition, we affirmed Cain's sentencing as an habitual offender pursuant to I.C. 35–50–2–8 (Burns Code Ed.Supp.1992). *Id.* Cain petitioned for rehearing, asserting *inter alia*, that this court erred in failing to address an apparent sentencing error upon the merits.[2] We now grant the petition for the purpose of addressing this issue, and deny the petition in all other respects.

In charging Cain as an habitual offender, the State relied upon three convictions from foreign jurisdictions. In responding to Cain's sufficiency challenge upon the habitual offender determination, we held that I.C. 35–50–2–1 (Burns Code Ed.Supp. 1992) authorized the State to treat these convictions as Class D felonies for habitual offender purposes. Cain asserts that the trial court sentenced him under the erroneous belief that it was obligated to enhance his sentence by the full thirty years, whereas I.C. 35–50–2–8(e) authorized the court to reduce the sentence enhancement by as much as ten years because the prior unrelated felonies counted as Class D felonies. Cain concludes that we should remand for resentencing so that the trial court may appropriately exercise its discretion.

I.C. 35–50–2–8(e) provides in pertinent part:

"The court *shall* sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment to be added to the term of imprisonment imposed under [the felony sentencing statutes].... If at least one (1) of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a Class D felony, then the court *may* subtract up to ten (10) years from the additional fixed term of thirty (30) years." (Emphasis supplied.)

Reduction of a sentence under sub-section (e) is permissive, and is left to the discretion of the trial court. *Moredock v. State* (1987) Ind., 514 N.E.2d 1247, 1251–52.

In sentencing Cain, the trial court stated:

"[T]he Court is inclined to believe that particularly with the habitual offender conviction the presumptive sentence would be appropriate on each of these five (5) counts, notwithstanding your rather extensive criminal record. It would seem to the Court appropriate to order those sentences to run concurrently, together, *and then in view of your conviction of the habitual count, the Court is obliged to impose an additional term of thirty (30) years imprisonment* to be added to the terms imposed on Counts One (1) to Five (5)." Record at 1525–26. (Emphasis supplied.)

This statement makes it clear that the trial court believed that the habitual offender determination obligated it to impose a thirty year sentence enhancement. However, sub-section (e) authorized the court to reduce the enhancement up to ten years, since the prior unrelated felonies were Class D felonies for habitual offender purposes. The record also suggests that the

---

**1.** I.C. 35–42–5–1 (Burns Code Ed.1985).

**2.** In our opinion of July 2, 1992, by footnote, we erroneously stated: "No issue has been presented regarding the arguable effect, if any, of I.C.

35–50–2–8(e). This provision permits diminution of a thirty-year enhancement if one of the prior felonies is a Class D felony." *Cain, supra,* 594 N.E.2d at 843, n. 11.

trial court might have sentenced Cain differently upon the substantive charges and the habitual offender enhancement if it had realized that it had discretion to do so. Therefore, we must remand for resentencing upon the four remaining convictions and the habitual offender determination. *See Day v. State* (1990) Ind., 560 N.E.2d 641, 643–44.

The cause is remanded for resentencing.

BUCHANAN and STATON, JJ., concur.