## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kwame Riddle,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 31, 2017

Court of Appeals Case No.
79A02-1611-CR-2730

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1604-F4-14

**Najam, Judge.**

# Statement of the Case

Kwame Riddle appeals his adjudication as a habitual offender and his sentence after a jury found him guilty of dealing in a narcotic drug, as a Level 4 felony; dealing in a narcotic drug, as a Level 5 felony; and for being a habitual offender. Riddle raises the following two issues for our review:

1. Whether the trial court erred when it instructed the jury, on the habitual offender allegation, that the court had taken judicial notice that two prior Illinois convictions against Riddle were equivalent to Level 5 felonies in Indiana.

2. Whether Riddle's eighteen-year aggregate sentence is inappropriate in light of the nature of his offenses and his character.

We also address the following issue *sua sponte*:

3. Whether the trial court violated Riddle's right to be free from double jeopardy when it entered judgment of conviction on lesser-included offenses and then merged the sentences for those convictions.

We affirm and remand with instructions.

# Facts and Procedural History

In October of 2015, officers with the Tippecanoe County Drug Task Force conducted multiple controlled drug buys from Riddle. In those controlled buys, officers purchased heroin from Riddle directly and purchased cocaine from

third parties, which was arranged through Riddle. Thereafter, the State arrested Riddle and charged him with the following five counts: Count I—dealing in cocaine, as a Level 5 felony; Count II—dealing in a narcotic drug, as a Level 4 felony; Count III—possession of a narcotic drug, as a Level 6 felony; Count IV—dealing in a narcotic drug, as a Level 5 felony; Count V—possession of a narcotic drug, as a Level 6 felony; and Count VI—habitual offender.

[4] Following the first phase of a bifurcated trial, a jury found Riddle guilty on Counts I through V. The second phase pertained only to Count VI, the State's additional allegation that Riddle was a habitual offender. In support of that allegation, the State moved the court to take judicial notice that two prior Illinois felony convictions against Riddle were substantially similar to Level 5 offenses under the Indiana Code and, as such, could be used as predicate offenses for the habitual offender allegation. The trial court agreed, over Riddle's objection, and instructed the jury in relevant part as follows:

> The State may seek to have a person sentenced as a habitual offender for a Level 4 felony by proving that the person has accumulated two (2) prior unrelated felony convictions.
>
> *The Court takes judicial notice that the Illinois charge of and conviction of Delivery of a Controlled Substance and Unlawful Delivery of a Controlled Substance are equivalent to a Level 5 felony in Indiana.*
>
> You may find the Defendant to be a habitual offender only if the State has proven each of the following facts beyond a reasonable doubt:

1. The Defendant;

2. Committed and was convicted and sentenced for Delivery of a Controlled Substance[;] and[]

3. Later committed and was convicted and sentenced for Unlawful Delivery of a Controlled Substance; and[]

4. Later committed Count [II], Dealing in a Narcotic Drug of which Defendant was convicted in Phase I, a [L]evel 4 felony.

If the State failed to prove each of these facts beyond a reasonable doubt, you must find the Defendant is not a habitual offender.

If the State did prove each of these facts beyond a reasonable doubt, you may find the defendant is a Habitual Offender as charged.

Appellant's App. Vol. II at 163 (emphasis added). The jury found Riddle to be a habitual offender. After a sentencing hearing, the court ordered Riddle to serve an aggregate term of eighteen years. This appeal ensued.

# Discussion and Decision

### *Issue One: The Habitual Offender Jury Instruction*

[5] On appeal, Riddle first contends that the trial court erred when it instructed the jury on the habitual offender allegation. According to Indiana Code Section 35-50-2-8(b) (2016):

A person convicted of murder or a Level 1 through Level 4 felony is a habitual offender if the state proves beyond a reasonable doubt that:

> (1) the person has been convicted of two (2) prior unrelated felonies; and

> (2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony.

[6] Specifically, Riddle disputes, first, whether the trial court, instead of the jury, had the right to determine that at least one of Riddle's prior Illinois felonies would not be a Level 6 or Class D felony offense in Indiana. This argument raises a question of law we review *de novo. E.g.*, *Pinner v. State*, ___ N.E.3d ___, 2017 WL 1900295, at *2 (Ind. May 9, 2017). Next, Riddle contends that the court's instruction, which stated that the court took judicial notice of Riddle's "convictions" for the two Illinois offenses, usurped the jury's authority to determine whether Riddle in fact had two prior convictions to support the habitual offender charge. Appellant's Br. at 13. We review this argument for an abuse of discretion. *E.g.*, *Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015). We address each of Riddle's arguments in turn.

[7] First, we reject Riddle's argument that, as a matter of law, the trial court violated his jury trial rights when it determined that at least one of Riddle's prior Illinois felonies would not be a Level 6 or Class D felony offense in

Indiana.[1] The Indiana Supreme Court has long recognized that "[t]he pertinent question of fact for the jury to determine in a habitual offender proceeding is whether the accused has two prior convictions. The question of whether those alleged convictions were for felonies is for the trial court to determine . . . ." *Seward v. State*, 453 N.E.2d 256, 257 (Ind. 1983) (quotation marks omitted). Our court has similarly repeatedly stated that "whether an offense is a felony for purposes of the habitual offender statute is a question of law." *Welch v. State*, 828 N.E.2d 433, 438 (Ind. Ct. App. 2005) (citing *Cain v. State*, 594 N.E.2d 835, 842 (Ind. Ct. App.), *aff'd in relevant part on reh'g*, 599 N.E.2d 625 (1992)). Accordingly, our case law is clear that it was the trial court's prerogative to determine whether Riddle's Illinois convictions satisfied the legal requirement that at least one of the underlying offenses would not be a Level 6 or Class D felony.

[8] Riddle acknowledges that case law on appeal. Nonetheless, he asserts that his argument is an argument under the Sixth Amendment to the United States Constitution[2] while our case law addresses statutory issues. But the Sixth Amendment is of no avail here; the United States Supreme Court has expressly held that the Sixth Amendment requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum [to] be submitted to a jury"

---

[1] Riddle does not challenge the trial court's conclusion on the merits of its determination.

[2] Riddle does not raise the Indiana Constitution and its more expansive jury trial rights as a basis for possible relief on appeal. *See* Ind. Appellate Rule 46(A)(8)(a); *see also Seay v. State*, 673 N.E.2d 475, 480 (Ind. Ct. App. 1996) (discussing Ind. Const. art. 1, § 19), *adopted*, 698 N.E.2d 732, 733 (Ind. 1998).

"*[o]ther than* the fact of a prior conviction." *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (emphasis added). Thus, we reject Riddle's argument under the Sixth Amendment.

[9] Second, Riddle suggests on appeal that the jury instruction, which stated that the trial court took judicial notice of Riddle's "convictions" for the two Illinois offenses, in effect, took away the jury's authority to determine for itself whether the fact of those convictions had been proved beyond a reasonable doubt. Appellant's Br. at 13. We cannot agree. While the instruction stated that the trial court took "judicial notice that the Illinois charge of and conviction of [the two offenses] are equivalent to a Level 5 felony in Indiana," it then immediately stated that the jury "may find the Defendant to be a habitual offender" if the jury found that the State had proved beyond a reasonable doubt that Riddle "committed and was convicted" of the two Illinois felonies. Appellant's App. Vol. II at 163. That is, taken as a whole the instruction informed the jury: (1) that the court took judicial notice that the Illinois offenses were legally equivalent to the requisite level Indiana offenses; and (2) that the jury was charged with finding, as a matter of fact, that Riddle had committed and been convicted of the Illinois offenses. Accordingly, the trial court did not err when it instructed the jury on the habitual offender allegation.

### Issue Two: Appellate Rule 7(B)

[10] Riddle next asserts that his eighteen-year aggregate sentence is inappropriate. As we have explained:

Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[11] Here, the trial court found the following mitigating and aggravating circumstances:

The Court finds as mitigating factors the defendant's difficult childhood[ and that] the defendant does have support of others.

The Court finds as aggravating factors the defendant's criminal history[, which] include[s] juvenile adjudications and adult misdemeanor and felony convictions[;] the defendant was out on parole from the State of Illinois at the time of the instant offense[s;] the defendant's substance abuse history[;] and previous attempts at rehabilitation have failed.

The Court further finds that the aggravating factors outweigh the mitigating factors.

Appellant's App. Vol. II at 10.  In light of those findings, the court sentenced Riddle to nine years on Count II; four years on Count IV; and nine years for being a habitual offender.[3]  The court ordered the sentence on Count IV to run concurrent with the sentence on Count II and the sentence for the habitual offender adjudication to run consecutive to the sentence for Count II, for an aggregate term of eighteen years.  The court then suspended two of those years to probation.

[12]  On appeal, Riddle asserts that his sentence is inappropriate in light of the nature of the offenses and his character because his "mother was a heroin and crack cocaine addict" and he "was removed from the home by state authorities early in his childhood, but was placed back with his mother" later.  Appellant's Br. at 20.  Riddle's "foster parents . . . beat [him] . . . [and their] son raped [Riddle's] sister." *Id.* at 21.  Riddle further asserts that, "[o]ften being without food" upon being returned to the care of his mother, "[he] started selling drugs in Chicago to survive." *Id.* at 20.  Riddle also states that he has earned a G.E.D. during his incarceration, that he attends church, and that his girlfriend recently gave birth.  Finally, Riddle contends that he "sold relatively small amounts of controlled substances" in the instant offenses. *Id.* at 21.

[13]  We cannot say that any of those assertions demonstrate that Riddle's eighteen-year sentence, with two years suspended to probation, is inappropriate.

---

[3] As explained in Issue Three, we do not consider Riddle's other convictions in reviewing his sentence.

Regarding the nature of the offenses, Riddle willingly engaged in or arranged multiple deliveries of heroin and cocaine to putative buyers. Regarding his character, Riddle has a life-long record of dealing in controlled substances in multiple states. Prior encounters with the justice system have not abated his criminal lifestyle. Indeed, he was on parole at the time he committed the instant offenses. We acknowledge, as the trial court did, that Riddle currently has strong family support, but the trial court considered that fact when it tailored Riddle's sentence. We cannot say that Riddle has carried his burden to show that his sentence is inappropriate, and we affirm Riddle's sentence.

### *Issue Three: Double Jeopardy*

[14] Finally, we consider, *sua sponte*, whether the trial court erred when it entered Riddle's convictions. In its corrected sentencing order, the trial court stated that the jury had found Riddle guilty on each of the State's six alleged offenses. The court then stated that "IT IS ORDERED AND ADJUDGED" that Riddle "is guilty" for each offense. Appellant's App. Vol. II at 9-10. The abstract of judgment likewise states, for each offense: "Guilty Verdict Accepted." *Id.* at 15. However, after making those statements in the corrected sentencing order and the abstract of judgment, the court stated that the offenses alleged in Counts I, III, and V "merged" into Counts II and IV, the Level 4 offense and the Level 5 dealing in a narcotic drug offense, respectively. *Id.* at 9-10, 15.

[15] Such statements are insufficient to protect the defendant's right to be free from double jeopardy. As we have explained:

> If a trial court does not formally enter a judgment of conviction on a [finding] of guilty, then there is no requirement that the trial court vacate the "conviction," and merger is appropriate. *Townsend v. State*, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006)). *However, if the trial court does enter judgment of conviction on a [guilty finding], then simply merging the offenses is insufficient and vacation of the offense is required.* See id.; *Green*, 856 N.E.2d at 704; *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (where trial court entered judgments of conviction on jury's verdicts of guilty for dealing and conspiracy, then later merged the convictions for double jeopardy reasons, such merging without also vacating the conspiracy conviction was insufficient to cure the double jeopardy violation).

*Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013) (emphasis added); *see also West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App 2014) ("in a document captioned 'Judgment,' the trial court noted that [the defendant] was guilty on both counts before determining that Count II merged into Count I. . . . [W]e conclude the court entered judgment on the convictions[] and merger was insufficient to remedy the double jeopardy violation."), *trans. denied*.

[16] For the same reasons, we conclude that the language used in the trial court's judgment here was insufficient to remedy the double jeopardy violations, and we remand with instructions for the court to vacate Riddle's convictions under Counts I, III, and V.

## *Conclusion*

[17] In sum, we hold that the trial court did not err when it instructed the jury on the habitual offender allegation. We also hold that Riddle's sentence is not

inappropriate. However, we remand to the trial court with instructions that it vacate Riddle's convictions on Counts I, III, and V.

[18] Affirmed and remanded with instructions.

Riley, J., and Bradford, J., concur.