**Gary L. ANTRIM, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 61A01–0010–CR–339.

Court of Appeals of Indiana.

Feb. 26, 2001.

William E. Daily, Danville, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant, Gary L. Antrim (Antrim), appeals the sentence he received after pleading guilty to one count of possession of marijuana, a Class D felony, Ind.Code § 35–48–4–11.

We remand for a new sentencing hearing.

### ISSUE

The sole issue on appeal is whether the trial court properly considered Antrim's proffered mitigating factors when sentencing him.

### FACTS AND PROCEDURAL HISTORY

On November 11, 1999, Antrim was charged with one count of dealing in marijuana, a Class D felony, Ind.Code § 35–48–4–10, one count of possession of marijuana, a Class D felony, Ind.Code § 35–48–4–11, and one count of maintaining a common nuisance, a Class D felony, Ind. Code § 35–48–4–13. On December 22, 1999, a negotiated plea agreement was filed wherein the parties agreed that Antrim would plead guilty to possession of marijuana and the remaining two charges would be dismissed. The State and Antrim further agreed that at sentencing both sides would be free to argue with regard to the length and term of Antrim's sentence, but that at a minimum, Antrim would be sentenced to the West Central Community Corrections for three years, with at least one year executed.

On February 1, 2000, a guilty plea hearing was held. Antrim pled guilty to one count of possession of marijuana. Subsequently, on August 7, 2000, a sentencing hearing was held. In sentencing Antrim, the trial court found as an aggravating factor that Antrim had a history of delinquent or criminal activity and found no mitigating factors. Consequently, Antrim's sentence was enhanced from the presumptive sentence of one and one-half years to an executed sentence of three years in the Indiana Department of Correction.

On September 6, 2000, Antrim filed a Motion to Correct Erroneous Sentence and a hearing was held on the motion on September 29, 2000. The trial court denied this motion. This appeal followed.

### DISCUSSION AND DECISION

Antrim argues that the trial court failed to properly consider his proffered mitigat-

ing factors. Antrim contends that the trial judge should have considered the following mitigating circumstances: the undue hardship his imprisonment will have on his family; his cooperation with authorities and his guilty plea; his willingness to accept responsibility for his actions; his employment; and the number of years since his last conviction.

■ The finding of a mitigating circumstance rests within the trial court's sound discretion. *Bacher v. State,* 722 N.E.2d 799, 804 (Ind.2000). A sentencing court is not required to find mitigating factors or explain why it has chosen not to do so. *Morgan v. State,* 675 N.E.2d 1067, 1073 (Ind.1996). "This is especially the case where the record reveals that proffered mitigators are disputed." *Widener v. State,* 659 N.E.2d 529, 533 (Ind.1995).[1] Also, a trial judge does not have to afford the same credit or weight to the proffered mitigating circumstances as the defendant suggests. *Herrera v. State,* 679 N.E.2d 1322, 1326 (Ind.1997).

■ However, the failure to find mitigating factors clearly supported by the record may imply that the sentencing court improperly overlooked them. *Dowdell v. State,* 720 N.E.2d 1146, 1154 (Ind. 1999). "[A] sentencing judge may not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them." *Widener,* 659 N.E.2d at 534. Thus, to support his allegation that the trial court failed to find certain mitigating factors, Antrim must establish that the mitigating evidence is both significant

and clearly supported by the record. *See Dowdell,* 720 N.E.2d at 1154.

■ Antrim claims that his imprisonment will cause an undue hardship to his family. Ind.Code § 35–38–1–7.1(c)(10) provides that the sentencing court may consider as a mitigating factor whether the imprisonment of the defendant will result in an undue hardship to the defendant's dependents. Antrim testified that his wife has cerebral palsy and that she is disabled. He further testified that he provides support for his two teenage children at home, and that he also pays support for a third child. He testified that he has two jobs, one of which he had for ten years, and the other position he had for four months prior to the sentencing hearing. The State did not challenge this evidence. Thus, since the Record clearly supports Antrim's proffered mitigating factor of undue hardship to his family, and we find this significant, we conclude that the trial court failed to properly consider it.

■ Antrim also argues that the trial court failed to consider as mitigating circumstances his cooperation with authorities, his guilty plea, and his willingness to accept responsibility for his actions. Our supreme court has noted that the defendant's guilty plea may be a significant mitigating factor as it saves court time and judicial resources. *Widener,* 659 N.E.2d at 534. The *Widener* court also stated that the defendant's guilty plea shows a willingness to accept responsibility for his actions. *Id.* Here, Antrim did plead guilty, thus, the trial court should have properly considered this fact as a mitigating circumstance.

■ Finally, Antrim claims that his employment and the number of years since

---

1. However, as the *Widener* court noted, "a thoroughly written sentencing statement that discusses all proffered mitigating circum-

stances greatly facilitates appellate review." *Widener,* 659 N.E.2d at 534.

his last conviction are also significant mitigating factors. Antrim claims that his employment shows that he is of good character and that the time period since his last arrest shows that he is leading a law-abiding life. However, in the Presentence Investigation Report, Antrim admitted that he had been selling marijuana for three to four years prior to his arrest. Further, at the sentencing hearing, Parke County Sheriff's Deputy Eddie McHargue testified that two confidential informants had provided him with information that Antrim sold marijuana and methamphetamines during the time period following his arrest. Antrim disputes this evidence. Thus, as the evidence here was conflicting, it was within the trial court's discretion to not find Antrim's employment or the number of years since his last arrest to be significant mitigating factors.

Therefore, we conclude that the trial court failed to properly consider, as significant mitigating factors, the undue hardship Antrim's incarceration may have on his family, and Antrim's guilty plea.

### CONCLUSION

Consequently, we remand this case to the trial court for a new sentencing hearing in which the trial court shall consider these mitigating factors, the undue hardship Antrim's incarceration may have on his family, and Antrim's guilty plea, while weighing the significant aggravating and mitigating factors to determine Antrim's sentence.

Remanded.

DARDEN, J., and ROBB, J., concur.