**Gregory J. COMER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A04–0504–CR–180.**

Court of Appeals of Indiana.

Dec. 19, 2005.

Transfer Denied March 9, 2006.

Shane E. Beal, Marion, for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Judge.

Gregory Comer appeals his sentences for one count of child molestation as a class B felony[1] and one count of child

---

1. Ind.Code § 35–42–4–3 (2004).

molestation as a class C felony.[2] Comer raises two issues, which we revise and restate as:

 I. Whether the trial court abused its discretion in sentencing Comer; and

 II. Whether Comer's sentence is inappropriate.

We reverse and remand for resentencing.[3]

The relevant facts follow. In January 2000, Comer married Angela Comer. Angela had two daughters prior to the marriage. The older of Angela's daughters, T.H., was born on March 27, 1991. Two children were born to the marriage. Between Thanksgiving and Christmas of 2003, Comer "inappropriately" fondled and touched T.H. on her breasts and vagina and performed oral sex on T.H. Transcript at 9. Comer also showed T.H. pornographic videos and touched himself in front of her. Comer told Angela that he had shown the pornographic videotapes to T.H.

T.H. told a youth leader about the molestation, and the authorities were called. Detective Lisa Himelick with the Grant County Sheriff's Department asked Angela about the allegations, and Angela told Detective Himelick that she did not know what to believe and that T.H. had lied to her before. On the way to an interview at Child Protective Services, Angela told T.H. that she was concerned about the family's welfare if Comer got into trouble and "not to make a mountain out of a mole hill." Transcript at 17. Angela also told T.H. to tell them that "this was all just a big lie that we'll deal with it ourselves as a family." Appellant's Appendix at 20. The State charged Angela with child neglect

and attempted obstruction of justice. T.H.'s relationship with Angela became strained, and T.H. no longer has "a lot of trust" in Angela. Transcript at 25. T.H. and her biological sister began living with their grandmother.

The State charged Comer with: (1) Count I, child molesting as a class A felony;[4] (2) Count II, child molesting as a class C felony; (3) Count III, child molesting as a class C felony; and (4) Count IV, vicarious sexual gratification as a class D felony.[5] Comer pleaded guilty to a lesser included offense of child molesting as a class B felony and child molesting as a class C felony, and the State dismissed the remaining charges. The plea agreement left the sentence up to the discretion of the trial court.

On February 4, 2005, the trial court held a sentencing hearing. In the presentence investigation report, the probation officer recommended that the following be considered as an aggravating factor, "The victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age or older. The [victim] would have been eleven at the time of the crime." Appellant's Appendix at 47. At the sentencing hearing, Comer asked the trial court to consider the following mitigating factors: (1) Comer was cooperative with police; (2) Comer accepted responsibility for his actions by pleading guilty; (3) Comer has no criminal record; (4) Comer is likely to respond to probation; and (5) Comer apologized to the trial court and to T.H. Comer's counsel agreed with the recommendation of the aggravator that T.H.

---

**2.** Ind.Code § 35–42–4–3 (2004).

**3.** We direct Comer's attention to Ind.App. Rule 46(A)(10), which requires an appellant's brief to "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal. When sentence is at issue

in a criminal appeal, the brief shall contain a copy of the sentencing order."

**4.** Ind.Code § 35–42–4–3 (2004).

**5.** Ind.Code § 35–42–4–5 (2004).

was less than twelve years of age at the time of the offenses.

The trial court found the following aggravating circumstances: (1) "Defendant's victim was under the age 12 years at the time of commission of these offenses;" (2) "Defendant was in a position of trust with his victim since he was her stepfather;" and (3) "Defendant's acts has [sic] destroyed the family network and the victim's relationship with her mother which will probably never be restored." *Id.* at 60. The trial court found the following mitigating factors: (1) "Defendant has no prior criminal history;" and (2) "Defendant appears to be remorseful and has apologized to his victim." *Id.* The trial court sentenced Comer to fifteen years on the child molesting as a class B felony conviction with five years suspended and eight years on the child molesting as a class C felony conviction. The trial court ordered the sentences to be served concurrently.

### I.

■ The first issue is whether the trial court abused its discretion in sentencing Comer. Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Pierce v. State,* 705 N.E.2d 173, 175 (Ind.1998). In order for a trial court to impose an enhanced sentence, it must: (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the court found to those aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. *Veal v. State,* 784 N.E.2d 490, 494 (Ind.2003).

■ Our courts frequently hold that a single aggravating circumstance may be sufficient to support the imposition of an enhanced sentence. *Deane v. State,* 759 N.E.2d 201, 205 (Ind.2001); *see also Battles v. State,* 688 N.E.2d 1230, 1235 (Ind. 1997) (holding that "a criminal history suffices by itself to support an enhanced sentence"). Even when a trial court improperly applies an aggravator, a sentence enhancement may be upheld if other valid aggravators exist. *Pickens v. State,* 767 N.E.2d 530, 535 (Ind.2002). "[W]e will remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances." *Id.* The Indiana Supreme Court has held that this "does not mean that any single aggravator will suffice in all situations." *Deane,* 759 N.E.2d at 205. For example, a "non-violent misdemeanor ten years in the past ... would hardly warrant adding ten or twenty years to the standard sentence." *Id.* Comer argues that the trial court: (A) improperly considered certain aggravators; and (B) failed to consider certain mitigators.

### A. *Aggravators*

The trial court found the following aggravators: (1) Comer's victim was under the age of twelve years at the time of the offenses; (2) Comer was in a position of trust with his victim because he was her stepfather; and (3) Comer's acts destroyed the family network and the victim's relationship with her mother which will probably never be restored. Comer concedes that the trial court properly found his position of trust with the victim as an aggravating factor. Comer argues that the trial court improperly found the remaining aggravating factors.

Comer argues that the trial court improperly found that the victim's age was less than twelve years of age because the victim was at least eight months past her twelfth birthday at the time of the offenses. The State acknowledges that there is no evidence in the record that establishes that T.H. was under the age of twelve at the time of the offenses. The charging information states that T.H. was "twelve (12) years of age." Appellant's Appendix at 7–9. At the probable cause hearing, Detective Himelick testified that T.H.'s date of birth was March 27, 1991, which indicates that T.H. was more than twelve years old at the time of the offenses. Further, the following exchange occurred at the guilty plea hearing:

BY THE COURT: And she was under the age of 12? Is that correct?

BY DEFENDANT: She was at the age of 12.

BY THE COURT: I'm sorry. I misread this. She was at the age of 12?

BY DEFENDANT: Yes.

Transcript at 10. The only indication that T.H. was less than twelve years old comes from the presentence investigation report, which recites:

The officer has found the following aggravating factors:

1. I.C. 35–38–1–7(b)(5) The victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age or older. The [victim] would have been eleven at the time of the crime.

Appellant's Appendix at 47. The State concedes that the probation officer incorrectly listed the victim's age of less than twelve years as an aggravating factor.

The State argues that the use of this aggravating error is not reversible error because Comer invited it. The State directs us to the following comments of Comer's defense attorney during closing argument, "I agree with [the probation officer]'s finding of the aggravator that she was less than 12 years of age at the time, and I also agree with his finding of the mitigators."[6] Transcript at 33. Even assuming that Comer invited the error, we will nonetheless review the trial court's sentencing order because it is our duty to "correct sentencing errors, sua sponte, if necessary." *Dickson v. State*, 624 N.E.2d 472, 474 (Ind.Ct.App.1993). *See, e.g., Logan v. State*, 729 N.E.2d 125, 136 (Ind. 2000) (addressing the trial court's error in sentencing defendant sua sponte); *Jordan v. State*, 510 N.E.2d 655, 659–660 (Ind. 1987) ("The State argues that since [defendant] did not raise the issue on appeal, it has been waived. However, we view this as fundamental error as it renders the evidence insufficient to support the determination of habitual offender and hereby raise it sua sponte."); *see also Jones v. State*, 775 N.E.2d 322, 331 (Ind.Ct.App. 2002) (holding that although defendant's argument inadequately attacked the factual basis relied on by the trial court to impose consecutive sentences, we will nonetheless review the legality of the trial court's sentencing order).

The charging information, testimony at the probable cause hearing, and testimony at the guilty plea hearing indicate that T.H. was not less than twelve years old at the time of the offenses. Based on the record, we must conclude that the trial court abused its discretion by considering this factor. *See, e.g., Fugate v. State*, 516 N.E.2d 75, 79–80 (Ind.Ct.App.1987) (holding that the trial court improperly sentenced defendant who was convicted of

---

6. We note that the prosecutor initially addressed T.H.'s age during closing argument by stating, "[Comer] sexually molested [T.H.] his stepdaughter age 12." Transcript at 29.

burglary and theft but acquitted of arson when the trial court's sentencing statement relied upon a presentence report which erroneously assumed that defendant was guilty of the arson and included a victim impact statement regarding damage from the arson).

Further, a factor constituting a material element of an offense cannot be used as an aggravating circumstance.[7] *McCann v. State,* 749 N.E.2d 1116, 1120 (Ind.2001). However, the trial court may properly consider the particularized circumstances of the material elements of the crime. *Id.* Here, the trial court failed to show particularized individual circumstances. *See, e.g., Bear v. State,* 772 N.E.2d 413, 427 (Ind.Ct.App.2002) (holding that trial court improperly relied on the victim's age where the trial court "merely stated, 'the victim of the crime was less than twelve (12) years of age,'" listed no other considerations pertaining to age, and made no showing of the particularized individual circumstances to allow the age of the victim to constitute a separate aggravating factor), *trans. denied, overruled on other grounds by Ludy v. State,* 784 N.E.2d 459 (Ind.2003).

Comer also argues that the trial court improperly relied on the impact on the victim's family as an aggravating factor. "[U]nder normal circumstances the impact upon family is not an aggravating circumstance for purposes of sentencing." *Bacher v. State,* 686 N.E.2d 791, 801 (Ind. 1997). The impact on others may qualify

as an aggravator in certain cases but the defendant's actions must have had an impact on other persons of a destructive nature that is not normally associated with the commission of the offense in question and this impact must be foreseeable to the defendant. *Id.*

We find *Leffingwell v. State,* 793 N.E.2d 307 (Ind.Ct.App.2003), instructive. In *Leffingwell,* the defendant sexually abused his ten-year-old stepdaughter. *Leffingwell,* 793 N.E.2d at 309. After a jury trial, the defendant was convicted of child molesting as a class C felony. *Id.* At sentencing, the trial court stated, "[the victim], her brothers and sisters, her father, her mother, their family, and [the defendant] and his father and mother, and their entire family, are all victims." *Id.* at 310. We held that "there is no indication that many of these people were dependent upon [the defendant]," and the trial court failed to explain "how [the defendant]'s actions had an impact of a destructive nature that is not normally associated with the commission of the offense of child molesting, or how this impact was foreseeable to [the defendant]." *Id.* We concluded that the trial court improperly considered the effect on the victim's family as an aggravator. *Id.*

Here, at sentencing, the trial court held, "[I]t's clear ... to the Court that [Comer's] actions have completely destroyed this family network and destroyed the victim's relationship with her mother. I'm not sure that relationship is ever capable of being repaired." Transcript at 35. We

---

7. Ind.Code § 35–42–4–3 provides:
 (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony.
 
 \* \* \* \* \* \*
 
 (b) A person who, with a child under fourteen (14) years of age, performs or sub-

mits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

cannot say that Comer's actions were responsible for the destruction of the victim's relationship with her mother. Angela's own actions resulted in Angela being charged with neglect and the destruction of the family unit beyond simply removing Comer from the family unit. Further, the trial court failed to explain how the defendant's actions had an impact of a destructive nature that is not normally associated with the commission of the offense of child molesting, or how this impact was foreseeable to Comer. Thus, the trial court abused its discretion by considering the impact on the family as an aggravating factor. *See, e.g., Leffingwell,* 793 N.E.2d at 310.

### B. *Mitigators*

■■■■ Comer argues that the trial court abused its discretion by failing to consider the following alleged mitigating factors: (1) he pleaded guilty; (2) he is likely to respond affirmatively to probation and is unlikely to reoffend; (3) his work history; and (4) imprisonment would result in undue hardship to his family. "The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." *O'Neill v. State,* 719 N.E.2d 1243, 1244 (Ind.1999). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. *Gross v. State,* 769 N.E.2d 1136, 1140 (Ind.2002). "Nor is the court required to give the same weight to proffered mitigating factors as the defendant does." *Id.* Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State,* 749 N.E.2d 36, 38 (Ind. 2001), *reh'g denied.* However, the trial court may "not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly

consider them." *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State,* 711 N.E.2d 835, 838 (Ind.1999).

■■■■ We first consider Comer's proposed mitigator that he pleaded guilty. The trial court did not specifically identify Comer's guilty plea as a mitigating factor. Indiana courts have recognized that a guilty plea is a significant mitigating circumstance in some circumstances. *Trueblood v. State,* 715 N.E.2d 1242, 1257 (Ind. 1999), *reh'g denied, cert. denied,* 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000). Where the State reaps a substantial benefit from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned. *Sensback v. State,* 720 N.E.2d 1160, 1164 (Ind.1999). However, a guilty plea is not automatically a significant mitigating factor. *Id.* at 1165.

For example, in *Sensback,* the defendant argued that her guilty plea showed "acceptance of responsibility." *Id.* at 1164. However, the State argued that she received her benefit due in that the State dropped the robbery and auto theft counts in exchange for her guilty plea to the felony murder charge. *Id.* at 1165. Our supreme court agreed with the State that the defendant "received benefits for her plea adequate to permit the trial court to conclude that her plea did not constitute a significant mitigating factor." *Id.*

Here, Comer received significant benefits from his guilty plea. In exchange for his guilty plea, the charges of child molesting as a class C felony and vicarious sexual gratification as a class D felony were dropped. The plea agreement also provided that the child molesting charge was reduced from a class A felony to a class B

felony. Thus, rather than facing a maximum sentence of sixty-nine years for the four original counts, Comer faced a maximum sentence of twenty-eight years. *See* Ind.Code §§ 35–50–2–4 & 35–50–2–7 (2004).[8] Thus, Comer received a significant benefit from his guilty plea, and the trial court did not abuse its discretion by not identifying Comer's guilty plea as a mitigating factor. *See Sensback*, 720 N.E.2d at 1164–1165.

█ Comer also argues that the trial court erred by failing to consider the presentence report's contentions that he was likely to respond affirmatively to probation and that he was unlikely to commit another offense as mitigators. Comer cites the presentence investigation report, which stated:

This officer has found the following [mitigating] factors:

\* \* \* \* \* \*

2. I.C. 35–38–1–7(c)(7) **The defendant is likely to respond affirmatively to probation or short term imprisonment.** The defendant has no history to show that he would not be an appropriate candidate for probation.

3. I.C. 35–38–1–7(c)(8) **The character and attitudes of the defendant indicate that he is unlikely to commit another crime.** The defendant expressed remorse during my interview. He express [sic] a desire to learn how to keep this from happening again. The defendant stated that he has already written an apology letter to the victim. This letter was given to Ed Pereira as part of the victims [sic] on going counseling.

\* \* \* \* \* \*

Appellant's Appendix at 47. The State argues that the basis for the probation officer's findings were already included in the listed mitigators. At sentencing, the trial court found:

I would find in mitigation; first, the defendant's lack of any prior criminal record, according to the presentence report, is completely clean. Secondly, the defendant appeared at his presentence interview to be remorseful and has made comments this morning of remorse, apologizing to his victim and he indicated a willingness to try to figure out why or what it was that drove him to commit this crime.

Transcript at 33. Thus, the trial court found the reasons behind the presentence report's recommendations to be mitigators. Further, the trial court stated at sentencing, "Alright I've listened to the evidence this morning and reviewed the presentence report and considered comments of counsel and the letters that I earlier indicated received by the court ...." *Id.* at 34–35. Thus, the trial court did not overlook the mitigating factors of Comer's likelihood to respond affirmatively to probation and to commit another offense. Thus, the trial court did not abuse its discretion by failing to consider these issues as mitigators. *See, e.g., Ware v. State*, 816 N.E.2d 1167, 1178 (Ind.Ct.App.2004) (holding that the trial court did not abuse its discretion by failing to find defendant was unlikely to commit another crime as a mitigating factor because defendant was engaged in an on-going sexual relationship with a child over the course of several months and by failing to find that defendant would respond affirmatively to probation).

█ Comer also argues that his work history should have been a mitigating factor. The State argues that Comer has waived this argument by failing to present it to the trial court at sentencing. Even

8. Subsequently amended by Pub.L. No. 71– 2005, §§ 7–10 (eff. April 25, 2005).

assuming that Comer preserved this argument, Comer only directs us to the presentence investigation report, which states that Comer worked for "Mark Glessner (farms)" for $15,000 per year from 1986 to 1990. Appellant's Appendix at 45. Comer quit that job and worked at "New House Farms" for $25,000 per year from 1991 to 2004. *Id.* The status of his employment with "New House Farms" is "unknown." *Id.* Comer has failed to establish that the mitigating evidence is both significant and clearly supported by the record. Thus, the trial court did not abuse its discretion by not considering Comer's work history as a mitigating circumstance. *See, e.g., Bennett v. State,* 787 N.E.2d 938, 948 (Ind. Ct.App.2003) (holding that the trial court properly did not find that defendant's employment was a significant mitigating circumstance where defendant did not present a specific work history, performance reviews, or attendance records), *trans. denied.*

 Comer also argues that the undue hardship to his four children should be a mitigating factor because he was supporting them until his arrest. "Many persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State,* 720 N.E.2d 1146, 1154 (Ind.1999). The record reveals that Angela is employed at a doctor's office in Kokomo. T.H. and B.H. are now living with their grandmother. The presentence investigation report reflects that Comer does not have a support order against him. Comer has failed to establish that the mitigating evidence is both significant and clearly supported by the record. Accordingly, the trial court did not abuse its discretion in failing to find undue hardship on his four children as a mitigating circumstance. *See, e.g., Sayles v. State,*

513 N.E.2d 183, 189 (Ind.Ct.App.1987) (holding that trial court did not abuse its discretion by failing to find undue hardship on defendant's dependents as a mitigating circumstance where both of defendant's children already lived with their mother, who works and is able to support the children financially), *reh'g denied, trans. denied;* cf. *Antrim v. State,* 745 N.E.2d 246, 248 (Ind.Ct.App.2001) (holding that trial court failed to properly consider hardship on defendant's family when record revealed that defendant's wife had cerebral palsy and was disabled, defendant provided support for his two teenage children, defendant paid support for a third child, and defendant worked two jobs).

In summary, the trial court properly considered one aggravator and improperly considered two aggravators. Although a single aggravator is sufficient to support the imposition of an enhanced sentence, we cannot affirm because we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances. Therefore, we must remand to the trial court so that the valid aggravator may be reweighed against the mitigating factors. *See, e.g., Day v. State,* 560 N.E.2d 641, 643–644 (Ind.1990) (remanding for resentencing when the Indiana Supreme Court could not say with confidence that defendant would have been sentenced to the same sentence if trial court had not considered improper aggravator); *Bluck v. State,* 716 N.E.2d 507, 515 (Ind.Ct.App. 1999) (remanding for resentencing when the reviewing court could not determine what weight the trial court assigned to invalid aggravators). We need not reach the issue of whether Comer's sentence was "inappropriate in light of the nature of the offense and the character of the offender" under Ind. Appellate Rule 7(B) because we remand for resentencing. *See, e.g., Eaton*

*v. State,* 825 N.E.2d 1287, 1289 (Ind.Ct. App.2005).

For the foregoing reasons, we reverse and remand for resentencing.

Reversed and remanded.

DARDEN, J. and BAILEY, J. concur.