Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 04 2014, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denman, & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN I. COLON, SR., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 90A04-1403-CR-142 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe
Cause No. 90C01-1310-FB-00015

**September 4, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Kevin Colon ("Colon") pleaded guilty in Wells Circuit Court to Class B felony dealing in methamphetamine. He was ordered to serve a twelve-year executed sentence in the Department of Correction. Colon appeals and argues that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On August 12, 2013, Colon provided methamphetamine to a confidential informant who was working with the Bluffton Police Department. In exchange for the methamphetamine, the confidential informant gave Colon a box containing ninety-six pseudoephedrine[1] pills. On August 15, 2013, Colon again exchanged methamphetamine for pseudoephedrine with the same confidential informant. Both transactions were audio recorded by the informant.

On October 16, 2013, the State charged Colon with two counts of Class B felony dealing in methamphetamine. Three months later, on January 14, 2014, Colon pleaded guilty to one count of Class B felony dealing in methamphetamine. In exchange for Colon's guilty plea, the State agreed to dismiss the second Class B felony count and that Colon's sentence would be capped at fifteen years.

---

[1] Pseudoephedrine is an ingredient commonly used to manufacture methamphetamine.

[2] Colon has four prior misdemeanor convictions for domestic battery, check deception, driving without a

2

The trial court held a sentencing hearing on March 17, 2014. At the hearing, the trial court found as aggravating Colon's criminal history[2] and the fact that he committed the offenses while released on bond awaiting trial for a charge of driving with a suspended license. The trial court found as mitigating Colon's guilty plea, but assigned it little weight in light of the weight of the evidence against him. The trial court then sentenced Colon to twelve years in the Department of Correction and recommended that Colon participate in the Clean Lifestyle Is Freedom Forever (CLIFF) program for methamphetamine abuse. Colon now appeals.

## I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. We review the presence or absence of reasons justifying a sentence for an abuse of discretion, but we cannot review the relative weight given to these reasons. Id. at 491.

Colon argues that the trial court abused its discretion when it failed to find as mitigating that (1) he was likely to respond affirmatively to probation and (2) he was unlikely to reoffend due to his character and attitude. When an allegation is made that

---

[2] Colon has four prior misdemeanor convictions for domestic battery, check deception, driving without a driver's license, and driving while suspended.

the trial court failed to find a mitigating factor, the defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record. Id. at 493. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000).

Colon contends that the fact that he has a "minimal criminal history which consisted entirely of misdemeanor offenses for domestic battery, check deception, and driving while suspended"; the fact that he has only violated probation once before, by failing to pay probation fees; and his statement that "his arrest saved his life and he welcomed the opportunity for [drug abuse] treatment and probation" shows that he is likely to respond affirmatively to probation and that he is unlikely to reoffend. Appellant's Br. at 5; Tr. p. 10.

However, the record indicates that the trial court did acknowledge and consider Colon's claims of mitigating circumstances when it imposed his sentence. The trial court was in the best position to judge Colon's credibility and rejected Colon's self-serving statements that he was unlikely to reoffend and that he would respond well to probation. The trial court observed that Colon attempted to minimize his culpability at his sentencing hearing when he stated that he did not believe that he had been dealing drugs and that he was never "a menace to society." Tr. pp. 12-13. Colon also initially denied having any prior convictions, later admitting to his criminal history on cross-examination. In light of Colon's criminal history and his minimization of his offense at his sentencing hearing, the trial court did not abuse its discretion by considering, then failing to identify as mitigators that Colon is unlikely to reoffend and that he would respond affirmatively to

4

probation. See Comer v. State, 839 N.E.2d 721 (Ind. Ct. App. 2005) (holding that the trial court did not abuse its discretion at sentencing by allegedly failing to consider mitigating factors that defendant was unlikely to reoffend and that he would likely respond to probation or short-term imprisonment where trial court acknowledged and considered that defendant had no prior criminal record and had expressed remorse for his crimes).

## II. Inappropriate Sentence

Colon also appears to argue that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind.Ct.App.2010).

The sentencing range for a Class B felony is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Colon's plea agreement capped his sentence at fifteen years. He received a sentence of twelve years, two years more than the advisory sentence for a Class B felony and three years less than the capped sentence pursuant to his plea agreement.

We first note that Colon neither provides a statement of the applicable standard of review nor points to any legal authority to support his arguments. Therefore, pursuant to Indiana Appellate Rule 46(A)(8), Colon has waived this issue for review. See Jackson v. State, 758 N.E.2d 1030, 1037 (Ind. Ct. App. 2001) (noting that failure to comply with Indiana Code Appellate Rule 46(A)(8)(b), which requires that an appellant's brief include a statement of the applicable standard of review for each issue, results in waiver of that issue for appellate review); see also Hollowell v. State, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999) (providing that failure to support each contention with citation to relevant legal authority results in waiver of that issue on appeal).

Waiver notwithstanding, Colon's claim still fails. Colon sold methamphetamine in two separate controlled buys, and he was released on bond awaiting trial for a previous charge at the time of the offenses. He has four previous convictions. At his sentencing

6

hearing, he made statements minimizing his responsibility for his actions. Therefore, waiver notwithstanding, Colon has not met his burden of showing that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Conclusion**

For all of these reasons, we conclude that the trial court did not abuse its discretion in sentencing Colon and that Colon's twelve-year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

RILEY, J., and CRONE, J., concur.